· JOHN MARLEY *v.* CHARLES SMITH. ·

*Error from Bourbon County.*

Where the defendant before a justice appeals to the district court, and is in default for six months, in answering, and then files a general denial by consent, an order of the district court, overruling a motion, unsustained by any showing, to then amend the answer as to set up new matter, *sustained.*

Under a petition setting forth that defendant is indebted to plaintiff on an account not paid, and due, praying judgment with an answer denying, generally, *held* that neither proof of set-off nor of counter-claim could be admitted; but,

The petition not setting forth the facts constituting the indebtedness, *held* that the pleader must be prepared for proof of facts showing that such indebtness does not exist; and,

*Held* that it was error in the court below to refuse evidence of payment.

Distinction between action on a debt, and assumpsit, in this respect, commented upon.  [16 N. Y. R., 297.]

In the opinion of the court may be found a statement of the facts in the case.

*Voss & Brother*, for plaintiff in error.

*D. P. Lowe*, for defendant in error.

*D. P. Lowe*, for defendant in error, submitted: ·

1. A general denial is not the general issue. Under the code there is no such thing as the general issue, as

formerly understood. *Texier* v. *Gowin*, 5 *Duer*, 391 ; *McKyring* v. *Bull*, 16 *N. Y.*, 297.

2. Payment must be specially pleaded, and cannot be proven under a general denial. *Swan's Pl. and Prec.*, 246 ; *Field* v. *Mayor N. Y. City*, 2 *Selden*, 189 ; *Texier* v. *Gowin*, 5 *Duer*, 391; *Brazil* v. *Isham*, 2 *Kernan*, 9 ; *McKyring* v. *Bull*, 16 *N. Y.*, 297.

3. There was no error in refusing leave to amend. An application for leave to amend is addressed to the discretion of the court. Its allowance or denial is not ground of error, unless there is a palpable abuse of discretion, by which a party is prejudiced in a material matter. "The court may, in furtherance of justice, amend any pleading," &c. (*Code*, § 147.) There was no showing in support of the motion ; the party had just amended upon leave ; no merits were shown, no surprise pretended.

4. There was no error in the judgment as to costs. *Code*, § 563.

*By the Court*, KINGMAN, C. J.

This was an appeal to the district court from the judgment of a justice of the peace.

The petition was filed on the 10th day of April, 1866, and no answer filed till the cause was called for trial at the October term, and then, by consent, an answer was filed, which was a general denial. Upon the trial, the plaintiff in error offered proof of payment of counter-claim and of set-off, which was rejected, and he then moved the court for leave to amend his answer so as to admit such proof, which motion was denied, and judgment rendered against the plaintiff in error.

He brings the case to this court to correct the sup-

posed errors in the rulings of the court above specified.

We are not disposed to disturb the decision of the court below, in refusing to permit an amended answer to be filed. The party complaining, had brought the suit into the district court, and the petition had been filed six months before the trial, and he was still in default. To have permitted an amended answer, setting up new matter, without any showing of surprise or explanation of his laches, would perhaps have wrought great injustice by driving the plaintiff to a continuance, as he had no notice that any matter would be litigated save what was set up in his petition.

If the defendant had an off-set or a counter-claim, it was his duty to have availed himself of his rights at the proper time, so as to put the other party on his guard, before the trial—not wait till he had drawn out his adversary's proof, and then force him to a continuance.

He certainly knew of his defense, if he had one, when the answer was filed; and had he made his motion then, and shown the merits of his defense, and the cause of his default, he would have presented himself before the court in a better attitude.

To determine whether the evidence was properly rejected, it is necessary to examine the pleadings in the case. The petition is as follows :

"The said plaintiff alleges that at the commencement of this action, to wit, on the 28th day of November, 1865, the said defendant was indebted to the said plaintiff, in the sum of seventy-five dollars, on an account, a copy whereof is hereto annexed, marked exhibit 'A.' That the same is still due and unpaid; wherefore the plaintiff prays judgment against said

defendant, for said sum of $74, and interest thereon from Nov. 28, 1865.''

The answer denies each and every material allegation of the petition.

Under these pleadings it is obvious that neither proof of set-off or counter-claim can be admitted. And if the question was free from embarrassment, growing out of decisions and commentaries, it would seem equally obvious that payment could be proven under the issue as made up. The petition avers that at a certain time the defendant was indebted to the plaintiff, and that the indebtedness still continues. This is denied, and to sustain the denial, proof of payment is offered. Can any fact be plainer than, if payment was made, the indebtedness does not last? Can a man owe a debt that he has paid? Can he be indebted when he has extinguished the indebtedness by payment? There can be but one answer to these questions, and this answer shows that, logically, and without any straining upon such a petition and answer, the proof of payment could be legitimately made. Whether proof of payment could be made under a general denial, has been a vexed question, that has been decided both ways in New York, but has finally been settled by the court of appeals of that state, in the case of McKyring *v.* Bull (16 *N. Y. R.*, 297). In that case, the court held that such proof was inadmissible under the general issue, but the reasoning of the learned judge who delivered the opinion of the majority of the court, would sustain the admissibility of the evidence under such pleadings as are before us. He admits that in an action of debt, the plea of *nil debit* would properly and logically admit of such proof, but insists it would not, in assumpsit under the general issue, which is,

literally, that defendant did not promise, as alleged, and that the practice of admitting proof of payment under the plea of non-assumpsit, had crept into the law, and was not founded in reason, and had no application to the code. Admitting this to be true, and further, that the code requires the pleader to state the facts on which he relies, and not the conclusion of law, and applying the principles to the case before us—and what is the only conclusion to be reached?

The petition does not state the facts constituting the defendant's liability. It merely declares the defendant's indebtedness. If the learned pleader chose to rely on such a statement of his case, he must be prepared to receive proof of facts showing that such indebtedness does not exist.

The court therefore erred in refusing to permit the defendant to introduce proof of payment under the pleadings, and for that reason the decision must be reversed, and the cause sent back for new trial.

All the justices concurring.