## CHARLES G. PARKER v. MICHAEL HAYS, *et al.*

PLEADING—ISSUE—*What may be proven under a general denial.* Where the petition in one count alleges the indebtedness generally of the defendant, without showing how that indebtedness was created, and the answer is a general denial, the defendant is entitled to prove payment of that cause of action under such answer.

### *Error from Coffey District Court.*

HAYS AND FITZPATRICK sued *Parker.* Their petition set forth two causes of action—the first, for labor and material, furnished at defendant's request, on which there was claimed to be due $1,275 ; the second, " on an account," on which plaintiffs claimed $185 : total claim, $1,460. The answer was a general denial. On the trial defendant offered to prove by competent testimony, that he was not indebted to plaintiffs on the first cause of action set forth in their petition, and that he was not indebted to the plaintiffs on the second cause of action set forth in their petition ; which the court refused to permit him to do. Defendant excepted. Verdict and judgment for plaintiffs for the whole amount of their claims. Motion for a new trial overruled, and *Parker* now brings the case here on error.

*Ruggles & Plumb,* for plaintiff in error:

Upon the issue joined upon the *second* cause of action, the court should have allowed the defendant below to prove generally that he was not indebted to the plaintiffs below on said cause of action set out in the petition. The case comes within the rule in *Marley v. Smith,* 4 Kas., 183.

The plaintiff does not state how this cause of action

arose; no contract is alleged or stated; and no *facts* showing any legal liability, either *ex delicto* or *ex contractu*. The naked averment is, an "indebtedness." Under a "general denial" to such a petition payment may be proven.

No counsel for defendants in error.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendants in error brought an action against plaintiff in error for $1460, stating the same in two causes. The first set forth, that in the month of February, 1870, the plaintiffs at the request of the defendant hauled the stone and constructed upon a certain pier at the railway crossing on Turkey creek, in Coffey county, 196 yards of stone work of the second class of masonry, for which the defendant contracted and agreed to pay the plaintiffs $6.25 per yard, and the further sum of fifty cents per yard for all stone hauled over one mile, and that plaintiffs did haul the stone for the construction of 100 yards of said stone work over one mile. The second cause of action is thus stated:

" The said plaintiffs further complain and aver that the said defendant is further indebted to them in the further sum of $185 on an account of which the following is a copy:

" To delivery of 55 yards of stone on the ground at Turkey Creek Bridge, at $3 per yard, $165.

" To dressing 80 yards of stone at $2.50 per yard, $20.

" The plaintiffs aver that there is due and unpaid on said amounts the sum of $185."

The petition prayed judgment for $1460, the amount of both causes of action. The answer was a general denial. The verdict and judgment were for the plaintiff for the amount claimed.

In the progress of the trial the defendant offered to

prove that there was nothing due defendants on the second cause of action, and also offered to prove payment thereof. This the court refused to permit to go to the jury on the issues as made up. This point was settled in the case of *Marley v. Smith*, 4 Kas., 186; at least that case decides the principle involved. If the pleader chooses to state his case without setting forth whether his claim arose on contract or tort, or at least on the request of defendant, or that the materials were of a certain value, as charged, and a promise to pay therefor, but merely states an indebtedness without stating how it arose, he invites an issue upon whether there is an indebtedness, and an examination into that issue by the testimony; and this can be gone into by the defendant under a general denial. It was therefore error to exclude proof of payment of the second cause of action, and to exclude testimony tending to show that there was nothing due thereon. See *Quinn v. Lloyd*, 41 N. Y. 349, commenting on and distinguishing that case from *McKyring v. Ball*, 16 N. Y., 297.

It is claimed that it was error to exclude testimony of payment of the indebtedness set forth in the first cause of action. Evidently the court did right in e cluding it. The issues were not framed to admit such testimony. Many other errors are alleged, but as they are not likely to arise on another trial we do not feel called upon to comment upon them.

For the error indicated the judgment is reversed and a new trial awarded.

All the Justices concurring.