## BLIZZARD v. APPLEGATE.

PLEADING.—*Evidence.*—*Mitigation of Damages.*—*Action by Attorney for Value of Professional Services.*—In an action to recover for the value of services alleged to have been rendered by the plaintiff, as an attorney, for the defendant, as his client, the latter offered to prove, under the general denial, that such services had been rendered under a special agreement between the parties, fixing the compensation therefor at a sum less than that testified to and claimed on behalf of the plaintiff.

*Held,* that such contract could not be specially pleaded, but was admissible in evidence under the general denial, in mitigation of damages.

SAME.—*Instruction to Jury.*—*Measure of Damages.*—*Expert.*—In such action the court instructed the jury trying the cause, that the value of "services rendered by an attorney," as such, "can best be shown by the evidence of * * persons engaged in the same profession," and that, when so shown by intelligent and credible witnesses, whose evidence "is not outweighed by other evidence in the case, the value * fixed by them should be the basis" of the verdict.

*Held,* that the instruction is erroneous.

From the Carroll Circuit Court.

*F. W. Coombs* and *A. Parsons,* for appellant.

*L. E. McReynolds,* for appellee.

NIBLACK, C. J.—This was a suit by Judson Applegate, against William H. Blizzard, in the court below.

The complaint was in two paragraphs. The first was upon a promissory note for seventy-five dollars. The second was for work and labor performed as the attorney of the defendant, and for money laid out and expended at his request.

To the first paragraph, the defendant answered:

1st. A want of consideration; and,

2d. A failure of consideration.

To the second paragraph, he answered :

1st.   In general denial ;

2d.   Payment; and,

3d.   Set-off.

Issue was joined by a denial of the affirmative paragraphs of the answers.

A verdict having been returned for the plaintiff, a motion for a new trial was overruled, and judgment rendered on the verdict.

One of the items in the bill of particulars accompanying the second paragraph of the complaint was for services as attorney in a case in the Cass Circuit Court, extending through a period of several years.  Another item was for services in the same case in the Supreme Court.

Several witnesses, including the plaintiff, testified to the nature and value of those services.

The defendant, while upon the stand as a witness on his own behalf, offered to testify that he had an agreement with the plaintiff as to the rates at which the plaintiff should charge for his services, both in the Cass Circuit Court and in the Supreme Court, fixing a sum in each case at an amount less than that claimed by the plaintiff, but the court excluded the testimony thus proposed to be given by the defendant.

Both parties agreed in their testimony, that the note sued on was executed to secure the balance of a fee of two hundred dollars for services in another suit in which the defendant was interested, but there was some disagreement as to the circumstances under which the note was executed, the defendant alleging that he did not know at the time precisely what services the plaintiff had performed, and that he afterward ascertained that the plaintiff's services were less than he had supposed.

In their argument here, both parties have devoted the greater portion of their time to the question of the ad-

missibility of the testimony offered by the appellant and excluded by the court, as above stated.

The appellant insists, that, as the proposed testimony would have only gone in mitigation of the damages claimed by the appellee, it ought to have been admitted under the general denial to the second paragraph of the complaint.

The appellee, on the other hand, contends that such testimony could have been admissible only under an answer setting up the alleged special agreement as a defence to the said second paragraph of the complaint.

If the testimony had been, in express terms, offered in mitigation of the appellee's damages, we would have felt less embarrassment in the consideration of its admissibility here; but, as it would necessarily have tended in that direction if it had been admitted, we will, for the purposes of this case, regard it as having been formally offered in mitigation of the damages, without reference to the objections which are made here to the manner in which the rejection of such testimony is presented to us by the bill of exceptions.

The appellee argues, and cites his authorities on the theory, that the alleged special agreement would have constituted, and might have been pleaded, as a defence to the second paragraph of the complaint. In that view of the case, however, we think the appellee is not sustained by a careful analysis of the authorities.

Whatever tends to diminish the amount to be recovered, without going to the merits of the action, may be said to be in mitigation of the damages, and this court has decided, in the case of Smith v. Lisher, 23 Ind. 500, that, under our code, matter in mitigation can not be specially pleaded or set up by way of answer, except in actions for libel or slander, but may be given in evidence under the general denial. Granting, therefore, that the matters to which the appellant proposed to testify would have gone only in mitigation of the damages, they could

not have been specially pleaded or set up in defence to any portion of the complaint, but ought to have been admitted under the general denial. The appellee was bound to prove his damages before he could recover in the action, and any evidence tending to negative the amount claimed by him was admissible under the general denial. 2 R. S. 1876, p. 79, sec. 91.

In actions analogous to the common-law action of assumpsit, as is the case in hearing, a special agreement, covering or embracing the particular matter in controversy, may sometimes be pleaded in bar of the action, but only in cases where there is a palpable inconsistency between the contract sued on and the special agreement. In the case in hearing, however, there is no such inconsistency.

The court, amongst other things, instructed the jury, that "The value of professional services rendered by an attorney, as an attorney, can best be shown by the evidence of those persons who are engaged in the same profession, and if the services, compensation for which is sought in this action, have had their value established by such witnesses, who are credible and intelligent, and their evidence is not outweighed by other evidence in the case, the value as fixed by them should be the basis of your finding."

Literally construed, this instruction, in effect, said, that attorneys who are engaged in the practice of their profession are better judges of the value of an attorney's services than attorneys who, at the time, are not so engaged, without reference to the opportunities for information which either class of attorneys may have had.

It ignored the rule, that, all other things being equal, the value of the testimony of each witness depends upon his knowledge of the subject concerning which he is called to testify, rather than the class of persons to which he belongs. It likewise ignored the rule, that a preponderance of the evidence was necessary, in cases like the one

at bar, to authorize the jury to return a verdict for any given sum, as the value of the alleged services.

Taking the instruction altogether, it appears to us not to have well stated the rules of evidence which it attempted to define, and to have been, in consequence, erroneously given.

Other questions have been discussed here by counsel on both sides, but as they need not, and probably may not, again arise in the cause, we will not consider them at the present hearing.

The judgment is reversed, at the costs of the appellee, and the cause is remanded for a new trial.