THE CONNECTICUT MUTUAL LIFE INSURANCE COM-
PANY v. J. B. BARNES.

No. 81.

1. PETITION — *Cause of Action Stated.* A petition which alleges
that the defendant is indebted to the plaintiff in a certain sum for
services performed by the plaintiff for the defendant at its special
instance and request, that the same is due and unpaid, and which
contains an itemized statement of such services, and the value
claimed for them, is not open to an objection to the introduction
of any evidence under it, on the ground that it does not state facts
sufficient to constitute a cause of action.

2. RECORD ON APPEAL — *Practice.* Exceptions to the rulings of
the trial court upon the admission of testimony will not be con-
sidered by this court when the objectionable testimony is not set
out, nor specific reference made to the pages of the record where
the same may be found, as required by the rules of this court.

MEMORANDUM.— Error from Wabaunsee district
court; WILLIAM THOMSON, judge. Action on an ac-
count by J. B. Barnes against The Connecticut Mutual
Life Insurance Company. Judgment for plaintiff.
Defendant brings the case here. Affirmed. The ma-
terial facts are stated in the opinion herein, filed De-
cember 5, 1895.

*J. J. Mitchell,* for plaintiff in error.

*J. B. Barnes,* defendant in error, for himself.

The opinion of the court was delivered by

GARVER, J.: Upon the trial of this case, the suffi-
ciency of the petition was challenged by an objection
to the introduction of any evidence under it. So far
as material for consideration at this time, the petition
reads :

" The plaintiff states that the defendant is indebted
to him in the sum of $251.50 for services performed
by said plaintiff for and at the request of said defend-

ant, and as attorney for said defendant; that said sum of $251.50 is due and unpaid; that the plaintiff is entitled to interest thereon from May 29, 1891, at 6 per cent. ; that an itemized account of the same is in the following words and figures and is made a part of this petition, to wit.''

An itemized statement follows, setting out the services and the respective charges made therefor.   In his brief, counsel for plaintiff in error states, as the ground of his objection, that

''The petition does not allege a contract expressed for the services of the plaintiff below, as attorney for the company; and does not allege that the services performed were of any value to the company or that it received any benefit from the services.''

We do not think the petition is open to this objection.   A petition in this form is not unknown, nor is it without recognition in the courts of this state. (*Marley v. Smith*, 4 Kan. 183 ; *Parker v. Hays*, 7 id. 412.)   A very liberal construction will in every case be given to a pleading when the sufficiency of its allegations is challenged for the first time by an objection to the introduction of any evidence under it. (*Barkley v. The State*, 15 Kan. 99.)

Complaint is also made of various rulings of the court in the admission and in the refusal of testimony.   As counsel has not seen fit, in his brief, to point out the objectionable testimony by a specific and definite reference to the record, as required by the rules of this court, we will not institute a general search for their discovery for the purpose of giving them particular consideration.   We have, however, examined all the evidence, and are clearly of the opinion that, under it, the court was warranted in the decision and judgment rendered.

There being no other errors assigned, the judgment will be affirmed.

All the Judges concurring.