JOHN SCHWARTZEL v. J. V. C. KARNES *et al.*

No. 112.

1. MISJOINDER OF PARTIES — *Waiver.* An objection on the ground of a misjoinder of parties plaintiff in the action cannot be first made on the trial.

2. PRACTICE —*Indebitatus Count.* The *indebitatus* common count may be declared on, and a recovery thereunder had, in an action brought to recover money due the plaintiff for personal services rendered under a contract fully performed on his part, nothing remaining to be done except payment by the defendant; and a cause of action may be established by evidence of either a special or an implied contract.

3. GENERAL DENIAL — *Special Contract — Proof.* When the petition in such action consists of only the *indebitatus* count, and the plaintiff introduces evidence to prove the reasonable vlaue of the services performed, the defendant may show, under a general denial, that the amount or value of the services was fixed by a special contract; and, if a special contract is proven, it governs as to the amount which the plaintiff can recover.

MEMORANDUM.— Error from Wyandotte district court; HENRY L. ALDEN, judge.  Action by J.-V. C. Karnes and others against John Schwartzel to recover attorney's fees.  Judgment for plaintiffs.  Defendant brings the case to this court.  Reversed.  The opinion herein, filed March 7, 1896, states the facts.

*Van Syckel & Littick*, for plaintiff in error.
*Scroggs & McFadden*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. :  The judgment complained of in this case was rendered by the district court of Wyandotte county in an action brought by the defendants in error (plaintiffs below) against the plaintiff in error (defendant below) to recover for attorney's fees alleged to be due and owing for professional legal services performed by the plaintiffs at the special instance and request of the defendant.  The answer was a general denial.

It is the first claimed that there was a misjoinder of parties plaintiff.  This objection was made for the first time upon the trial.  The evidence shows that Karnes and Krauthoff are the only persons interested in the money alleged to be due from the defendant.  Holmes was not a member of the firm when the services were performed, and apparently has no concern in the result of the action.  Any objection on this ground, however, was waived by the failure to make it at the proper time.  A misjoinder or defect of parties plaintiff is waived unless it is taken advantage of by answer or demurrer.  (*Comm'rs of Lyon Co. v. Coman*, 43 Kan. 676 ; *Hurd v. Simpson*, 47 id. 245.)

The defendant further objects to the sufficiency of

the petition, claiming that it does not state a cause of action, on the ground that it neither alleges the value of the services nor that the plaintiffs were licensed attorneys. The plaintiffs declared simply upon the common count, the *indebitatus*. It is not an easy matter to reconcile this form of pleading with the plain requirements of the code; but precedent and authority are too strong in its favor to admit of any discussion of it upon principle as an original proposition. The rule is well settled in this and other states that, even under the code, when a special contract for services has been fully performed by the plaintiff, and nothing remains to be done except the payment of the money due from the defendant, the plaintiff may recover under the *indebitatus* count. (*Meagher v. Morgan*, 3 Kan. 372; *Emslie v. City of Leavenworth*, 20 id. 562; *Allen v. Patterson*, 7 N. Y. 476; *Blizzard v. Applegate*, 61 Ind. 368; *Moore v. Gaus Mfg. Co.*, 113 Mo. 98.) Of course, if a timely motion therefor be made, the court could render a more particular and definite statement of the facts. In the absence of such motion or other seasonable objection, the petition must be held to be sufficient. A pleading must be vitally and essentially defective if any advantage can be taken thereof for the first time upon the trial.

Another and more serious question arises upon the ruling of the court in refusing to permit the defendant to show a special contract between the defendant and the plaintiffs fixing the amount of the fees for certain of the services. It was objected by the plaintiffs that the evidence was not admissible under the general denial; that, before such matter could be available to the defendant he must specially allege it in his answer. This view was adopted by the court,

and the evidence accordingly excluded.    The court also refused to permit the defendant to amend his answer so as to conform it to the ruling of the court, except on the condition that he pay all costs in the case to that time.    The defendant refused to comply with this condition, and the trial proceeded upon the theory adopted by the court.    This ruling was erroneous.    The petition averred, in a very general way, that the defendant was indebted to the plaintiffs in a certain sum on account of particular services alleged to have been performed for him.    The plaintiffs, in effect, said to the defendant, "You owe us a certain sum for services in the C. case."    The defendant answered, "I do not."    Here was joined an issue which was very simple, but it was very broad.    There is nothing indicating whether the plaintiffs would rely, to prove the amount of the indebtedness, upon a special or upon an implied contract.    If there was a special agreement, they could prove it to show what the defendant promised to pay and what they were entitled to recover.    (*Emslie v. City of Leavenworth*, 20 Kan. 562; *Bank of Columbia v. Patterson's Adm'r*, 7 Cranch, 299; *Mansur v. Botts*, 80 Mo. 651; *Stafford v. Sibley*, 17 So. Rep. [Ala.] 324.)    If no special contract existed, the law implied a promise to pay the reasonable value of the services, and proof of such value would fix the amount of recovery.    In either case, the allegations of the defendant's indebtedness would be proven; but the amount thereof would be dependent upon the existence or non-existence of a special agreement concerning the fees.    When the plaintiff may prove, under such pleadings, a special contract as evidence of the amount of the indebtedness, it is difficult to understand on what principle the defendant is debarred from a like privilege.    Any facts

50—2 APP.

directly connected with the transactions are pertinent
to the issue, and are available to either party for the
purpose of establishing the ultimate facts — the in-
debtedness and its amount.   It seems very clear, too,
that this can be done on the part of the defendant
under the general issue.   The rule is general that,
under such issue, the defendant may introduce any
evidence which directly tends to disprove the allega-
tions of the petition.   No new matter is brought in ;
for it is only the defendant's version of the same
transaction which is relied upon by the plaintiffs.
Why should he be required to be more specific in
statement than are the plaintiffs?   As said by the su-
preme court in *Parker v. Hays,* 7 Kan. 412, when the
plaintiff " merely states an indebtedness without stat-
ing how it arose, he invites an issue upon whether
there is an indebtedness, and an examination into
that issue by the testimony ; and this can be gone
into by the defendant under a general denial." See,
also, *Davis v. McCrocklin,* 34 Kan. 218 ; *Blizzard v.
Applegate,* 61 Ind. 368 ; *Bond v. Corbett,* 2 Minn. 248.
Thus, it may be shown that no indebtedness exists
for the reason that it has been paid. (*Marley v. Smith,*
4 Kan. 183.)   It is equally within the scope of the
pleadings for the defendant to show that he is not in-
debted in the amount alleged in the petition, for the
reason that a less sum was expressly contracted for.
In this case, the petition alleged that the defendant
was indebted to the plaintiffs, among other things, in
the sum of $250 for services performed in the trial of
a certain lawsuit.   On the trial, the plaintiffs proved
and rested upon the reasonable value of the services.
The defendant claimed and offered to show that it was
specially agreed that the fee for the services in said
action should be only $100.   If the plaintiffs had in-
troduced evidence tending to show that a fee of $250

had been expressly agreed upon for the services, it will certainly not be claimed that the defendant could not dispute that fact by showing that the contract fee was $100. The principle is the same, though the plaintiffs elected to pursue a different course upon the trial. The pleadings fixed the rights of the parties in this respect, even though the plaintiffs attempted on the trial to ignore the special contract. The rule is well settled that when the plaintiff sues, as in this case, upon the *indebitatus*, without specially stating the contract from which it arises, he may recover upon proof of either a special or an implied contract; but when it appears that there was a special contract fixing the amount or value of the services, such special contract affords the rule which determines the amount of the recovery. (*Holmes v. Stummel*, 24 Ill. 370; *Pickard v. Bates*, 38 id. 40; *Merrill v. Railroad Co.*, 16 Wend. 588; *Ludlow v. Dole*, 62 N. Y. 617; *Dermont v. Jones*, 2 Wall. 1; *Perkins v. Hart*, 11 Wheat. 237, 252.)

In the opinion in the case last cited the rule is thus stated:

"For, although in the cases before stated, in which the special agreement has been executed or otherwise closed, a general *indebitatus assumpsit* may be maintained, it is nevertheless true that the special agreement may be given in evidence by the defendant for the purpose of lessening the quantum of damages to which the plaintiff is entitled."

That this may be inquired into under the general issue we have no doubt. We are therefore of the opinion that the defendant should have been permitted to introduce the evidence offered, and that substantial error was committed by its rejection.

The judgment will therefore be reversed, and the case will be remanded for a new trial.

All the Judges concurring.