THE BANK OF GLASCO v. EDWARD MARSHALL, *as Sheriff of Cloud County, Kansas.*

NO. 158.

PLEADING — *on objection to introduction of evidence, petition liberally construed.* Where the defendant fails to demur to a petition, but answers, and at the trial objects to the introduction of evidence upon the ground that the petition fails to state facts sufficient to constitute a cause of action, such petition will be construed so as to uphold the plaintiff's cause of action, if possible.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed January 4, 1897. *Reversed.*

*A. H. Ellis,* and *F. T. Burnham,* for plaintiff in error.

*L. J. Crans,* for defendant in error. *A. L. Wilmoth,* County Attorney, of counsel.

GILKESON, P. J. The only question presented is : Does the petition filed herein state facts sufficient to constitute a cause of action? This we must answer in the affirmative.

It is well settled in this state that where a defendant does not demur to a petition, but answers, and at the trial objects to the introduction of evidence upon the ground that the petition fails to state facts sufficient to constitute a cause of action, the petition will be construed so as to uphold it if possible.

No demurrer was filed in this case, nor was any motion presented to have the petition made more definite and certain.

"In the absence of a demurrer and motion, the allegations of a petition will be construed liberally, and, unless there is a total omission to allege some material fact which is essential, a petition will be held good." *Street Railway Co. v. Stone,* 54 Kan. 95 ; *Rob-*

*bins v. Barton*, 50 id. 125 ; *The State v. School Dist.*, 34 id. 237 ; *Bierer v. Fretz*, 32 id. 338 ; *Grandstaff v. Brown*, 23 id. 178 ; *Polster v. Rucker*, 16 id. 116 ; *Moody v. Arthur*, 16 id. 426 ; *Barkley v. The State*, 15 id. 107 ; *Mitchell v. Milhoan*, 11 id. 617 ; *Conn. Mutual Life Ins. Co. v. Barnes*, 2 Kan. App. 642.

And from an examination of the petition in this case, we cannot say it is defective.

The other proposition urged in this case we do not think proper to decide at this time. It depends entirely upon what state of facts is shown to exist under the testimony in the case upon a trial thereof.

The judgment will be reversed and cause remanded for new trial.