CHAS. J. DOBBS AND GEO. E. STOKER, *Partners as Dobbs & Stoker*, v. HUGH CAMPBELL.

**No. 818.\***   ( 63 Pac. 289.)

ACCOUNT STATED — *Erroneous Admission of Evidence — Question for Court.*   A settlement of an account is conclusive between the parties until impeached for fraud, mistake, the omission of something, accident, or undue advantage taken; and where such settlement is evidenced wholly by correspondence, and there is no evidence to impeach it, its legal effect is a matter of law for the court and it is error to submit the same to the jury, for which error a new trial was properly granted in this case.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed January 1, 1901.   Affirmed.

\*Petition for order to certify denied by supreme court January 12, 1901.—REP.

*Rossington, Smith & Histed,* for plaintiffs in error.
*Stebbins & Evans,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This is a proceeding to reverse an order granting a new trial. The court sustained a motion for a new trial upon two specific grounds. The first was that he had submitted to the jury a question which he should have decided as a matter of law. The action was to recover money collected by Dobbs & Stoker as attorneys for the plaintiff, Hugh Campbell. They admitted the receipt of the money and plead thereto a counter-claim for services performed by them as attorneys, and for which they averred the plaintiff promised to pay them the reasonable value, and that such reasonable value was the sum of one thousand and odd dollars. The relations between the parties were not denied. The business was conducted exclusively by correspondence. The plaintiff resides in Edinburgh, Scotland, and the defendants in Topeka, Kan. In the first instance the plaintiff sought advice of Call & Ingalls respecting certain debentures owned by him and issued by the Kansas Investment Company, respecting which a suit was pending in Scotland. The letter to Call & Ingalls was turned over to the defendants, Dobbs & Stoker, who succeeded to the business of Call & Ingalls. A considerable correspondence ensued. The defendants attended upon a commission at taking of depositions to be used in the course of the cause in Scotland. In all the letters written by Dobbs & Stoker, they urged the plaintiff to employ them and to attempt the collection of the debentures from the stockholders of the Kansas Investment Company.

Dobbs v. Campbell.

This the plaintiff declined to do. On the 12th of March, 1896, some two years after the first letter written by the plaintiff's solicitor in Scotland to Call & Ingalls, the defendants used in their letter this language :

"We fear that if there is much more delay these different stockholders that we have referred to will in some way transfer their stock so as to avoid their liability. We will, however, look into the matter more carefully, and in the meantime let us hear from you by return mail whether your client is willing to advance the money to cover costs. For if he is not it is hardly worth while for us to spend further time on the case and we will present our account, covering small fee for services already rendered."

This concludes the letter. In response thereto, the solicitor of the plaintiff wrote giving them his views at some length regarding the situation and advising them that Mr. Campbell had been advised to commence another suit in Scotland against the Kansas Investment Company and two other companies, and hoping for success therein. He expressed it more strongly than the defendants seem to have done on their side of the water, and concluded : "If you desire to render your account now, my client will not object to pay a moderate fee for your services." In response to this, defendants wrote advising the solicitor of Mr. Campbell that they were unwilling to advance any costs to institute and carry on litigation in Kansas, and saying : "We enclose you herewith account covering our fee for services to date, for which kindly favor us with remittance." The account was enclosed, and the solicitor of Mr. Campbell acknowledged the receipt, as follows : "I duly received yours of the 14th ulto. and now send you post-office order, 2, 2/ [£2 and 2 shillings] in payment of your account for 10 dol-

lars.   Please own receipt.''   In the course of the trial, the defendants, in support of their counter-claim, offered proof of services rendered prior to this settlement, and their value, claiming that this account was only intended by them to cover postage-stamps and stationery ; that they did not contemplate at the time that the correspondence would be discontinued entirely ; that there was still hope of their being retained further in the case and in the matter of the debentures ; and that their services were reasonably worth more than ten dollars, the amount of the claim made, and paid by the plaintiff.   There was no contention that there was any fraud inducing this statement of account, or any mistake on their part.   The only contention was that they did not intend that the account should cover their services, as they stated in their letters and in the account itself, but merely intended it to cover their advances for postage and stationery incident to the correspondence.

Upon this evidence, the court submitted the question to the jury to say whether the defendants tendered the account, in fact, as they stated they did in their correspondence, and the plaintiff so received it and paid it, or whether it was, in fact, only intended to cover postage and stationery, as they upon the trial contended.   The new trial was granted upon the hypothesis that this was error ; and that, the entire transaction being in writing, and there being no evidence sufficient to overthrow the effect thereof, it was the duty of the court to determine the effect of the writing and so tell the jury.   It is contended that in this the court erred and that the new trial was therefore improperly granted.   This settlement of account between the parties could be overthrown or opened or corrected only upon the ground of fraud, mistake, omission of

Dobbs v. Campbell.

some item, accident, or undue advantage, and the burden of proving these necessary elements rested upon the defendants seeking to impeach the account; and the rule is, further, that a stronger case must be made where the statement is in writing, as in this case, without any ambiguity respecting the terms thereof.   Now the effect of this settlement unimpeached and the evidence existing in the writing was for the determination of the court and ought not to have been submitted to the jury.   (*Goddard v. Foster*, 17 Wall, 123, 21 L. Ed. 289; *Lockhart v. Ogden*, 30 Cal. 557; 11 Encycl. Pl. & Pr. 81, ¶ 4, *et seq.*)

The defendants wholly failed to impeach the settlement by any evidence of fraud or undue advantage or accident.   The mere matter of what they may have intended was not competent to be proven by parol; that is manifest by the writing, which cannot be so lightly impeached.

The submission of this question to the jury and the admission of evidence of services performed prior to the settlement were prejudicial error.   It is unnecessary for us to consider the other ground upon which the court based its order, as this is sufficient to sustain it.

The order granting a new trial is affirmed.