THE MAYER COAL COMPANY, *Appellant,* V. JOE
STALLSMITH, *Appellee.*

No. 17,996.

SYLLABUS BY THE COURT.

ACTION—*On Account Stated—Defenses Under General Denial.*
An account stated must be of a subsisting debt, and in an
action upon an account stated the defendant may show, un-
der a general denial, any fact which destroys the plaintiff's
cause of action, including payment of the indebtedness claimed
to be the subject of the account stated.

Appeal from Cherokee district court. Opinion filed
March 8, 1913. Affirmed.

*Edwin B. Morgan,* of Baxter, *Truman T. Burr,* of
Galena, *E. L. Burton,* and *W. B. Glasse,* both of Par-
sons, for the appellant.

*S. C. Westcott,* of Galena, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff was defeated in an action
against the defendant for the recovery of money, and
appeals.

The charging part of the petition reads as follows:

"Plaintiff states that the defendant is indebted to it
in the sum of two hundred and fifteen dollars and
ninety-three cents ($215.93) upon an account for
goods, wares and merchandise, sold and delivered to
the defendant at his special instance and request. That
on May 13th, 1911, an agreement was had between the
said plaintiff and defendant, which said agreement was
oral and was in substance that the balance due on said
account from the defendant to the plaintiff, inclusive
of interest was two hundred and fifteen dollars and
ninety-three cents ($215.93), which said sum is past
due and the defendant wholly fails and refuses to pay
the same upon demand."

No copy of the original account was attached to the petition. The answer was a general denial. The plaintiff's evidence was directed to the latter part of the petition. From this evidence it appeared in a general way that the defendant had been indebted to the plaintiff on an open account; that subsequently he made several payments; and that on the day stated in the petition the plaintiff's agent and the defendant got together and agreed upon a balance due in the sum stated in the petition. The defendant testified that he had owed the plaintiff on account for coal sold and delivered to him and that the amount of his indebtedness to the plaintiff had never been in dispute; that he indorsed to the plaintiff three promissory notes, which were accepted by the plaintiff in payment, *pro tanto,* of the account; that he paid the balance of the account by a check, and that a statement of the account showing these credits was receipted in full and returned to him in a letter which acknowledged the check as payment of the balance due, and expressed gratification at the closing of the account. The defendant testified further that the plaintiff expressed satisfaction with the notes which it received because of the defendant's indorsement upon them; that he fully recognized his liability as an indorser of the notes and had actually taken up two of them, but that he refused to take up the remaining note because the plaintiff neglected and refused to take the necessary steps to charge the estate of the maker. The defendant denied positively that there was ever any talk of liability on the open account after he received the receipted statement, and that he did not agree with the plaintiff's agent on any sum due from him either on the notes or on the account. In addition to those already stated, other facts and circumstances were given in evidence tending to show that the notes were taken in settlement of the account and not merely as collateral security.

The plaintiff insists that evidence of payment of the

original account by the defendant was not admissible under the general denial. This contention is plainly opposed to the theory of the petition and to the theory of the proof offered to sustain the petition. The first sentence of the petition, alleging indebtedness upon an account, is immediately followed by the allegation that the amount due on such account was fixed and determined by an agreement between the parties to be a certain sum, "which said sum"—which agreed sum— was past due and unpaid. It is elementary that this agreement, if made, took the place of the obligation arising under the previous account. Such an agreement constitutes an account stated (*Harrison v. Henderson,* 67 Kan. 202, 72 Pac. 878) and the clear purpose of the pleader was to rely upon the new cause of action arising upon this new obligation, instead of upon the previously existing account. The character of the plaintiff's proof confirms this theory.

An account stated may be impeached for fraud, accident or mistake, but in such cases the facts warranting the desired relief must be pleaded. Unless it be set aside, an account stated is conclusive. It forecloses inquiry respecting the items of the previous account and precludes the defendant from opening the merits of the transactions embraced in the previous account for the purpose of impeaching items covered by the stated balance due. An account stated, however, must be of a subsisting debt (Note, 27 L. R. A. 814), and in an action upon an account stated the defendant may show, under a general denial, any facts which destroy the plaintiff's claim. If there were no previous account, or if there were no agreement respecting the balance due upon a previous account, the plaintiff must fail. (1 Cyc. 392; 1 Encyc. Pl. & Pr. 89; *Barr v. Lake,* 147 Mo. App. 252, 259, 126 S. W. 755.) Very clearly the existence of an indebtedness upon which an account stated could be predicated is negatived by showing payment before the claimed agreement was made.

Being unable to sustain a cause of action upon an account stated, the plaintiff now wishes to go back of the agreement pleaded, to rely upon the original account, and to convict the district court of error in the admission of testimony tending to show payment. The plaintiff, however, failed to apprise the district court of any desire to withdraw the issue of an account stated, tendered by the petition, and to shift to another basis of recovery. The evidence of payment was relevant to that issue, and no error was committed in receiving and in considering it.

If the petition be regarded as stating two causes of action, one upon an account and the other upon an account stated, the same result follows. The first sentence of the petition does no more than to allege an indebtedness generally and to invite an issue upon its existence. In such cases the issue is raised by a general denial and is met by proof of payment. (*Marley v. Smith,* 4 Kan. 183; *Parker v. Hays,* 7 Kan. 412.)

The judgment of the district court is affirmed.