849

No. 30,350.

ERNESTINE K. REED, *Appellee*, v. FRANK S. THOMAS, *Appellant*.

(8 P. 2d 379.)

Opinion filed March 5, 1932.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove,* all of Topeka, for the appellant.

*Clad Hamilton, J. G. Logan, Donald A. Campbell* and *Frank Flack,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover upon an account stated, where the answer is a general denial, a special denial by way of explanation claiming the amount sued for as set apart by him for his own compensation under agreement for services rendered, and a cross petition for balance due him for services rendered alleging such compensation due him by virtue of an agreement and also on *quantum meruit* basis. The reply was a general denial and also pleas of the one- and three-year statutes of limitations. The case was tried to the court without a jury and judgment was rendered for plaintiff for the amount claimed with deduction of partial allowance to defendant on his cross petition. Defendant appeals, and plaintiff files cross appeal.

Appellant assigns as error the overruling of objection to the introduction of evidence, overruling demurrer to plaintiff's evidence,

rendering judgment for plaintiff, admission of evidence and over-ruling of motion for new trial, but groups the first three together and the last two together for consideration.

Under the first heading it is mainly urged that the judgment is not sustained by the evidence. The document which is made the basis of plaintiff's cause of action as an account stated is a list of mortgages, United States bonds, cash on deposit in banks and one judgment, making a total in value of more than $30,000, which was the property of the grandmother of the plaintiff, lately deceased, and by her will became the property of plaintiff. This property the defendant had been handling for his grandmother, Mrs. Thomas, for nearly forty years. To this list was added the following words and figures: "Invested jointly with F. S. Thomas, $11,604.17." This statement was handed plaintiff by defendant August 16, 1928, and this action is for the recovery upon this item or statement which the plaintiff accepted without question as the correct amount owing by defendant to the estate of the grandmother, in addition to the other specific items also unquestioned. During the trial the amount was not in any way in issue, nor was any effort made to ascertain the separate items which composed and made up this total, but the serious question was as to what this item really was. Plaintiff offered evidence, to which defendant objected, that after the death of the grandmother and before this statement was delivered, the defendant told plaintiff and her brother there was between ten and twelve thousand dollars that had accumulated when mortgages were not considered desirable and had been loaned by him with his own funds as short-time loans. Defendant directly and positively denied the making of any such explanation, but said this sum was an accumulation from time to time, as the estate could spare it, of the compensation for his services at the rate of $30 per month, as suggested and agreed to by the grandmother; that it was all his own money, but simply so noted in connection with the estate in which it was earned by him; that the whole amount due him for the nearly forty years he had handled the funds was approximately $2,800 more than this stated amount, or a total of $14,340.

The estate originally was that of Chester Thomas, Jr., who died in August, 1888, leaving a widow, Mrs. Lorenia M. Thomas, and a daughter, Mrs. Klein. The defendant, a half brother of Chester Thomas, Jr., agreeable to all parties concerned, took charge of the

funds of this estate in August, 1888, and after the death of the daughter made a settlement with the heirs of the daughter, who were the plaintiff in this action and her brother, on November 1, 1918, at which time he was allowed the sum of $18,000 for his services. He continued to look after the funds and investments of the widow of Chester Thomas, Jr., the grandmother of the plaintiff, until her death June 26, 1928. Very few reports were filed or made by defendant during that time, but his books were examined and various items and statements from them were introduced in evidence by both parties, and explanations of the items were made by the defendant and his wife, who was his secretary and bookkeeper.

There is a very great conflict in the evidence as to what this item of $11,604.17 was, and what was said concerning it by the defendant shortly after the death of Mrs. Thomas on June 26, 1928. It is not for a reviewing court to determine which side of the conflict is entitled to the greater credence, but our only duty is to decide whether there was sufficient evidence, if believed, to support the finding of the trial court, and we find there was.

Appellant insists that plaintiff has wholly failed to establish her claim as an account stated and that if she fails in so doing she must fail entirely, and further, that the allowance of a part of the counterclaim of the defendant is entirely inconsistent with the existence of an account stated. We think the meaning and use of the term "account stated" does not go that far. The main distinction between an account and an account stated exists in the fact that the obligation of the parties thereto is shifted from one concerning the items to the total or balance as shown in the account stated. The controversy over constituent items is eliminated by the express or implied agreement or acquiescence in the total or balance. The following definition was given in the case of *Harrison v. Henderson,* 67 Kan. 202, 72 Pac. 878.

"An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such account stated becomes a new obligation and takes the place of the one on the prior account." (Syl. ¶ 1.)

It is said on this subject in 1 C. J. 682:

"The bare statement of a balance due, if accepted, may constitute a stated account, even though the demand is not accompanied by an account of the items, under the rule that if a fixed and certain sum is admitted to be due

for which an action would lie, that will be evidence to support a count on an account stated."

If the items composing this total of $11,604.17 had been set out, we would have called this an account, yet if none of the items were questioned and the total accepted as correct it becomes an account stated under the generally accepted definitions. But it is said this statement lacks the element of agreement on the part of the defendant as an obligation to pay the same; his attitude being just the opposite. This is completely answered by the credence given by the trial court to the testimony that he did agree to pay a ten- or twelve-thousand-dollar item, described as this one, before submitting the statement. Where there is no attempt to dispute or question the items of an account there is very little difference between an account and an account stated. Neither is it inconsistent to sustain a claim upon cross petition as a counterclaim where its items are independent of the adjustment contained in the account stated. According to the theory of the defendant, these two allowances are positively inconsistent. Defendant calls the $11,604.17 item an accumulation on account of his compensation of $30 per month, and as such, if it were an account stated, no additional claim for such services could be allowed or considered, but the court did not accept that theory as to what the $11,604.17 item was, and there is no inconsistency where the adjustment is of a different or independent claim.

"It is not necessary, however, that the adjustment should cover all dealings between the parties. Thus an account rendered by one party to the other may become a stated account by the admission of the latter that it is correct, although he may have an independent set-off or counterclaim which is not taken into consideration." (1 C. J. 683.)

". . . The balance found need not be complete and final, for in the last analysis an account stated is nothing more than an agreement between the parties as to the items considered. If the agreement is that the balance found is final and complete, it constitutes an account stated as to every item; but, upon the other hand, a court cannot limit the right parties have to make such lawful contracts as they choose, and, therefore, to agree as to certain items and leave open for adjustment or adjudication other items." (1 R. C. L. 210.)

A practical example of a very similar situation is found in the case of *Bentley v. Brown*, 37 Kan. 14, 14 Pac. 435, where a firm of attorneys had collected various sums for a client and had rendered a statement of such several amounts and the client brought

suit on the statement as conclusive as to the amount due her as money had and received, but the court permitted the claim to be reduced by the allowance of attorney fees for services rendered.

See, also, *Dettmer v. Fulls,* 122 Kan. 98, 251 Pac. 396; *Clark v. Marbourg,* 33 Kan. 471, 6 Pac. 548; *Dolman & Son v. Construction Co.,* 103 Kan. 635, 176 Pac. 145; *Coal Co. v. Stallsmith,* 89 Kan. 81, 129 Pac. 831; *Dobbs v. Campbell,* 10 Kan. App. 185, 63 Pac. 289.

We find no inconsistency in the sustaining of plaintiff's claim and at the same time allowing defendant's counterclaim, but as to the amount of the counterclaim allowed by the court we are unable to harmonize it with the three-year statute of limitations pleaded by the plaintiff thereto. The amount allowed was $3,480, which appears to cover the entire period of one hundred and sixteen months from the former settlement of compensation on Nevember 1, 1918, to June 26, 1928, the time of the death of Mrs. Thomas, or nine years and eight months at $30 per month. If this is the way this amount of counterclaim was reached, we think it would have to be subjected to the limitation of the three-year statute pleaded by the plaintiff.

We find no error in the overruling of the motion for a new trial.

With the suggested modification of the counterclaim the judgment is affirmed.