No. 35,445

Dr. J. Park Neal, *Appellee*, v. Blanche Gideon, *Appellant*.

(138 P. 2d 419)

Opinion filed June 12, 1943.

*Jacob Dickinson,* of Topeka, argued the cause, and *Edward Rooney,* of Topeka, was on the briefs for the appellant.

*William E. Smith* and *D. C. Hill,* both of Wamego, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The principal question in this appeal is whether the oldest item of an account was barred by the statute of limitations.

The pertinent facts were these:

On May 4, 1933, the plaintiff, a surgeon of Kansas City Mo., performed a major operation on the defendant for which the fee for his professional services was $200 and his charge for an anesthetic was $10. On August 10, 1935, he also performed a major operation upon defendant's minor daughter, for which his fee was $100 and his charge for anesthetic was $10—constituting a total indebtedness of $320.

On August 3, 1937, plaintiff's agent and attorney called on defendant at her home in Onaga, and told her the amount of plaintiff's bill against her was $320, and requested a payment of $200 thereon. Defendant promised to make some payment and on the following day she sent plaintiff's attorney a check for $50 to apply on the account. At the same time she asked for "a written itemized account from Dr. Neal at once." This requested itemized account was supplied under date of August 13, 1937.

On September 8, 1937, defendant wrote to plaintiff, saying in part,

"I am writing you in regard to our account you turned over to William E. Smith . . . Now I do not intend to beat you out of this . . . Now I hope you notify Mr. Smith and see to it that he does not start a lawsuit. I made $50 and will make another payment as soon as I can . . ."

On July 29, 1938, defendant made another payment of $25 on the account. On February 14, 1939, defendant sent to plaintiff a check for $25 with a notation thereon, viz.: "final payment on Thomasine's bill." Thomasine was the minor child of defendant for whom plaintiff had performed the surgical operation in 1935. Plaintiff returned the check because of the notation on it.

This action for the balance due on the account was begun on July 15, 1940.

Plaintiff's petition stated the pertinent facts. Defendant's answer alleged that she was indebted to plaintiff in the sum of $35 as a balance due for plaintiff's professional services in behalf of her daughter Thomasine; that she had paid $75 due on that account, and that if any further sums of money were ever due from her to plaintiff they were upon other and different accounts, which, if any,

had accrued more than three years prior to the filing of this action and were barred by the statute of limitations.

The evidence adduced showed the performance of the alleged services, the rendition of an oral account stated, and later a written itemized account, with the $50 credit entered thereon. And still later a written statement of the balance of the account, dated July 14, 1938, was presented to her, in response to which she paid $25 on July 29, 1938. Defendant's checks for $50 and $25 evidencing the two payments made on the account were offered in evidence. On them were notations that the checks were in payment of plaintiff's services in behalf of Thomasine's bill. But the testimony for plaintiff, to which the trial court gave credence, was that these notations were not on the checks when they were received by plaintiff's attorney. It was also shown that in compliance with defendant's request of August 4, 1937, for a written itemized account, plaintiff furnished the same, as of August 13, 1937, in which, in addition to the items for plaintiff's services in 1933 and 1935, as stated above, was an earlier item for services to defendant's husband, to which she objected. Plaintiff's attorney struck that item from the bill, and defendant expressed no further objection to it.

The trial court gave judgment for plaintiff as prayed for. Defendant appeals, contending that the first item of the indebtedness which was incurred in 1933 was barred by the statute of limitations, and could not be revived except by a specific written acknowledgement, or by a partial payment expressly directed to such item.

We think the undisputed evidence and the testimony to which the trial court gave credence justified the conclusion that the account rendered by plaintiff on defendant's demand, to which she made no objection, together with the statement of balance of the account rendered to her by plaintiff's attorney after the payment of the $50 thereon by her constituted a binding account stated under familiar precedents and authorities. (*Dolman & Son v. Construction Co.,* 103 Kan. 635, 176 Pac. 145, 2 A. L. R. 67; *Dettmer v. Fulls,* 122 Kan. 98, 251 Pac. 396; *Reed v. Thomas,* 134 Kan. 849, 8 P. 2d 379, 84 A. L. R. 110 and annotation; 1 Am. Jur. 279-281; also 11 A. L. R. 586 *et seq.*)

Furthermore, if the account in this case did not fall clearly into the category of an account stated with the usual rights and liabilities of the parties dependent thereon, it was nevertheless from first to last an account between the parties, not two accounts; but whether

it be regarded as one account or two, the pertinent law governing the crediting of payments on account is succinctly stated in *Lumber Co. v. Workman,* 105 Kan. 505, 509, 185 Pac. 288, thus:

"It is the law that a debtor who owes two or more accounts to a creditor may direct to which account any money which he voluntarily pays shall be applied. It is also the law that when the debtor pays without directing to which of his accounts his payment shall be applied, the creditor has the privilege of applying the sum paid to either of the accounts. (*King v. Sutton,* 42 Kan. 600, 22 Pac. 695.) And where neither debtor nor creditor exercises this privilege, the court will apply it as justice may suggest (21 R. C. L. 97-100), and this often requires that the payment be applied to the discharge of the earliest items of the account. (*Pond & Hasey Co. v. O'Connor,* 70 Minn. 266, 270; *Chapman & als. v. Comm'lth,* 25 Grattan, [Va.] 721, 750.)"

The judgment is affirmed.