## No. 37,401

In the Matter of the Estate of Mary Mecke, Deceased (PAUL R. WUNSCH, *Appellee*, v. C. O. BOMHOLT, Administrator with will annexed of Mary Mecke, deceased, *Appellant*).

(201 P. 2d 1030)

Opinion filed January 22, 1949.

*S. S. Alexander,* of Kingman, argued the cause, and was on the briefs for the appellant.

*Charles H. Stewart,* of Kingman, argued the cause, and *Charles C. Calkin,* of Kingman, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This proceeding was instituted by the filing of a demand in probate court against the estate of a decedent for legal services rendered during her lifetime. The claim was allowed in

probate court. On appeal the cause was tried in district court by a jury which returned special questions and a general verdict, all in favor of the claimant, on which judgment was rendered. The administrator of the estate appeals.

On June 13, 1946, the claimant, Paul R. Wunsch, a member of the bar of this state, filed a petition in the probate court for the allowance of a demand against the estate of Mary Mecke, deceased, who died testate, a resident of Kingman county on January 27, 1946. In substance such pleading alleged: (1) Oral employment of claimant on three different occasions by decedent during her lifetime, namely (a) on August 10, 1940, to represent her in a suit pending in Kingman county pertaining to the construction to be given the joint and mutual last will and testament of Mary Mecke and Andrew Mecke, then deceased, and in particular to set aside a fraudulent deed under which a third party was claiming title to real estate in which Mrs. Mecke was devised a life estate under and by virtue of the terms of such will; (b) on August 21, 1940, to represent her in a quiet-title action filed against her in Sedgwick county, and (c) in April, 1942, to consult and advise with her regarding, and represent her in, a trusteeship proceeding in the district court of Kingman county; (2) acceptance of employment by claimant and proper legal representation of Mrs. Mecke in the three matters mentioned for which fair and reasonable charges were made by him on his account book against her for services as follows: $500 as a fee and expenses amounting to $3.55 in the suit described in 1 (a) of this paragraph, $25 in the proceeding referred to in 1 (c) thereof, and $100 in the Sedgwick county action; (3) payment by Mrs. Mecke on January 18, 1944, of $125 as a credit on the charges so made by claimant for legal services and acknowledgment by her of the making of such charges and their reasonableness, and (4) the total amount due claimant from the decedent's estate, after giving her credit for the payment of $125 made during her lifetime, to be $701.28, which sum included interest at six percent on the amount of each fee charged from the date of final performance of the particular work involved.

In due time the administrator of the estate filed an answer wherein he admitted claimant was Mrs. Mecke's attorney in the will construction and in the quiet-title actions but denied all other allegations of the petition. In addition other averments of his petition were to the effect (1) that if claimant had performed work for Mrs.

Mecke in connection with any of the matters set forth in his petition she had paid him in full for his services during her lifetme; (2) that even if he had performed such work and had not been so paid, nevertheless the entire claim as made by him had been compromised and settled on or about January 18, 1944, by reason of an oral agreement between claimant and Mrs. Mecke to the effect the payment of $125 was made and accepted in full settlement of all accounts then existing between them, and (3) that irrespective of whether they had been fully paid or settled each and all of the constituent elements of the demand made against the estate, and the demand in its entirety, should be disallowed for the reason that their payment was barred by the statute of limitations.

No additional pleadings were filed in district court and the cause was tried there on issues framed as heretofore related. The record reveals that during the course of the trial the claimant adduced evidence supporting each and all of the allegations of his petition. His evidence with respect to performance of legal services, the charges therefor, the manner in which they were made, acknowledgment of such charges by the duly authorized agent of the decedent and other matters of similar import are not controverted by any testimony on behalf of the estate. Indeed so far as the record discloses, the estate's entire case, except for the construction it places upon, and inferences it seeks to draw from, the testimony of claimant's witnesses on direct and cross-examination, and a certificate of absence of evidence to be mentioned presently, depends entirely upon certain bank ledger sheets showing the status of decedent's account in the Farmers State Bank of Norwich, the materiality of which is not disclosed.

After all parties had rested the administrator moved for an instructed verdict on the ground the claimant's evidence failed to prove he was entitled to recover anything from the estate. This was denied. The cause was then submitted to the jury which returned a general verdict of $558.12 in favor of the claimant, included in which sum was the full amount of the items charged against Mrs. Mecke less the $125 payment plus $54.07 allowed as interest on the total amount found to have been due from the date of the filing of the petition. At the same time the jury returned special questions and answers thereto which read as follows:

"1. Did Mary Mecke, prior to her death, ever know that claimant Wunsch, wanted her to pay him any more than $125.00? A. Yes.

"2. Did Mary Mecke, on or about January 18, 1944, pay the $100.00 claim by claimant Wunsch for services in Case No. A-492 in Sedgwick county and the $25.00 claim by claimant Wunsch for the April, 1942, trusteeship item? A. No.

"3. If the answer to the above question No. 2 is in the negative, or by the word 'No,' then state on what items same was paid. A. Open account.

"4. What amount do you find to be fair and reasonable compensation for the services performed by Paul R. Wunsch for and on behalf of Mary Mecke in connection with the Sedgwick county case, in which he represented her? A. $100.00.

"5. What amount do you find to be fair and reasonable compensation for the services performed by Paul R. Wunsch for and on behalf of Mary Mecke in connection with the Kingman county case, in which he represented her? A. $500.00.

"6. What amount do you find to be fair and reasonable compensation for services rendered by Paul R. Wunsch for and on behalf of Mary Mecke in connection with the trusteeship proceedings in the District Court of Kingman county, Kansas? A. $25.00.

"7. What amount do you find that Paul R. Wunsch expended for Mary Mecke in recording notices and for telephone charges? A. $3.55.

"8. What amount was paid by Mary Mecke, and at what date was such payment made to Paul R. Wunsch in connection with the litigation handled by Paul R. Wunsch? A. $125.00, 1-17-44.

"9. At the time of payment of the said $125.00 by Mary Mecke did the said Mary Mecke make any direction as to how the same should be applied? A. No.

"10. If directions were given, what were such directions? A. None."

Judgment was rendered by the trial court in accord with the verdict. The administrator then filed a motion for judgment notwithstanding the general verdict, a motion to set aside the special findings and a motion for a new trial. These motions were all overruled. Thereupon the administrator perfected this appeal.

With the facts and proceedings fully outlined we are now in a position to give consideration to errors specified and argued by the appellant as grounds for reversal of the trial court's judgment.

The first point urged is that appellee's claim is based on three separate and distinct items of employment and, hence, three separate and distinct causes of action. We do not agree.

An examination of the record reveals appellee was Mrs. Mecke's general attorney, that his employment on the three occasions mentioned and the services rendered by him in connection therewith all related to the protection of property disposed of by her and her deceased husband under the terms of their joint and mutual will which had become involved in litigation. It further discloses that

not only the appellee, but Mrs. Mecke herself, and two business men of the community, who acted as her agents throughout the course of the employment at least until the date of the $125 payment, treated and regarded the charges made by appellee as one account. Under such circumstances it cannot be successfully contended the fact he was employed on three different occasions requires a conclusion his claim was based upon three separate and distinct accounts or causes of action. The very most that can be said for appellant's contention is that the question of one account or three depended upon conflicting testimony which, as is clearly evidenced by findings 2 and 3, was resolved against the appellant. Even without such findings we think the result would be the same. In *Neal v. Gideon*, 157 Kan. 1, 138 P. 2d 419, involving a surgeon's account, where one charge had been made for an operation on the defendant in 1933 and another for an operation performed on her daughter in 1935, on which the defendant had made a small payment, we said the account from first to last was one account between the parties, not two accounts. That case cannot be distinguished from the instant one and is sound authority for our conclusion.

Appellant's next contention is the $125 payment was made by Mrs. Mecke on the fee charged for the Sedgwick county suit and the trusteeship proceeding in Kingman county and that therefore the charge of $500 as a fee for the Kingman county will and fraudulent deed case was barred by the statute of limitations. One answer to this contention is that there was no testimony to that effect and the jury found otherwise upon evidence which supports its findings. Another is that it is based upon the fallacious theory three accounts were involved and our conclusion to the contrary makes it fall of its own weight.

What has just been stated disposes of an additional contention that appellee failed to sustain the burden of proof as to application of the $125 payment. Once appellee established a single account there was but one place to apply the payment which is conceded to have been made within three years prior to the date appellee exhibited his demand.

It also does away with all necessity for consideration of extended argument to the effect the trial court erred in the admission of evidence as to how such payment should be applied. Irrespective of whether evidence of that character was admissible its admission did not prejudice the appellant.

During the course of the trial it developed appellee, along with other attorneys, had been allowed a fee by the court in the Kingman county will and fraudulent deed case in addition to what he had charged Mrs. Mecke for his services in setting aside the deed heretofore mentioned. Appellant strenuously insists the sum so allowed should be credited on the amount allowed by the jury in its answer to special question 5 and ultimately by its general verdict. The point has little merit. That issue was fairly presented to the jury before it retired to consider its verdict, the principal evidence on the point being the journal entry of judgment in such case which clearly and unequivocally recited all fees allowed by the court were for the will-construction feature of the action only, that the major issues therein litigated did not pertain to the construction of the will and that fees for such major issues were not allowable in the action but were matters between the attorneys and their respective clients. No doubt the jury took all this into account in fixing $500 as a fair and reasonable fee in its answer to the question last mentioned. In any event such finding is supported by substantial evidence and therefore is not to be disturbed on appellate review.

Another contention is that the lower court erred in instructing the jury interest was allowable from the date of the filing of the petition in probate court. Again we must disagree. In view of the factual situation revealed by the record we are inclined to the view appellee could have recovered interest from the date his services in Mrs. Mecke's behalf were completed but we need not labor or decide that question since he does not raise it. Of a certainty he was entitled to interest from the date of the exhibition of his demand.

Numerous general contentions respecting error in the overruling of the motion to set aside the special findings, the motion for judgment *non obstante* and the motion for new trial, most of which are predicated upon appellant's erroneous theory appellee's demand was based upon several accounts, have been given consideration and rejected.

We find nothing in the record or in any of appellant's contentions to substantiate his claim that errors of the court below require either a reversal or in any event a modification of its judgment.

In arriving at the decision just announced we have not failed to consider appellant's certificate of absence of evidence to which we

have heretofore referred. It contains several statements that are too technical and overlook evidence from which the jury might have inferred the existence of the very facts asserted to have been dehors the record. All other facts certified relate to matters unessential to the establishment of a demand based upon a single account and are therefore immaterial.

The judgment is affirmed.