T. W. HARRISON v. HARVEY HENDERSON, *as*
*Executor, etc.*

**No. 13,175.** ( 72 Pac. 878.)

SYLLABUS BY THE COURT.

1. ACCOUNT STATED — *Defined and Distinguished.* An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such account stated becomes a new obligation and takes the place of the one on the prior account.

2. ——— *Waiver.* Where an action is brought and defended as on the original account, the account stated is waived, even if it had been theretofore agreed upon.

3. ——— *Account Rendered is Not an Account Stated.* The mere furnishing by one party to another of a statement of an account, without a view to settling the claim and adjusting the amount due thereon, will not raise the implication of an account stated, although such account be retained without objection by the one to whom it was rendered.

4. ——— *Question of Fact.* The rendition of an account, together with its retention without objection, is but one circumstance, to be submitted with all others to the trier of fact to determine whether there has been an account stated.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 6, 1903. Affirmed.

STATEMENT.

THIS is a companion case to No. 12,988 (ante, p. 194). The defendant in error resided in Pittsburg, Pa., and as executor of the estate of James L. Reed placed in the hands of the plaintiff in error, an attorney living in Topeka, several claims for collection, out of which grew no little litigation. Harrison collected some $5400. He received also remittances of cash from Henderson. He paid out various amounts in costs and other disbursements and sent to Henderson on

March 9, 1898, $1000.  In April, 1898, Henderson
came to Topeka to obtain from Harrison a statement
of receipts and disbursements on account of his em-
ployment, but failed to procure it.  He came again
for the same purpose the latter part of August, 1899,
and after several demands therefor a statement was
rendered him showing a balance of $598.77 due Har-
rison September 1, 1899.  On the 28th day of July,
1900, this action was brought for the recovery of
$6456, which Henderson alleged had come to the
hands of Harrison while acting as his attorney.  For
answer, Harrison admitted that he had acted as Hen-
derson's attorney from the month of February, 1891,
and had continued so to act up to the time of filing of
the answer.  He admitted receiving the amounts of
money as charged in the petition, but claimed that
there was due to him for services and expenditures in
and about the matters in litigation various sums, so
that there was due to him at that date $774.  He
pleaded—

"that the services so rendered were reasonably worth
the items and sums as therein stated and charged, and
that said account is correct, just and true and wholly
unpaid, except as therein stated ; that the same and
said acts, services, and expenditures, so done and per-
formed by this defendant for said plaintiff, were all
duly submitted and reported by this defendant to said
plaintiff, and the same were duly approved by said
plaintiff, and that there is due and owing from said
plaintiff to this defendant because thereof, and as a
balance on said account, the sum of $744.70."

Accompanying this answer was an itemized account
for services rendered and of moneys received and dis-
bursed from February, 1891, up to August 6, 1900,
$560 of these items appearing as charged subse-
quently to the 1st day of September, 1899.  The is-

sues were closed by a reply which admitted that an account was submitted to the plaintiff, but denied that he ever approved or accepted of it as true or correct. As in case No. 12,988, the issues were referred for findings of fact and conclusions of law to the Honorable J. D. McFarland, and without objection on the part of the defendant. The question of the reasonableness of the fees charged by him for his services in the legal matters which had been committed to him was tried to the referee; indeed, that was practically the only question submitted to the consideration of the referee. Over the objection of the defendant, the referee found that these charges as made by Harrison were too great in the sum of $2284.95, and judgment for this amount, with interest at six per cent. from the 23d day of April, 1900, was entered by the district court against Harrison. From this judgment he prosecutes this proceeding in error.

*T. W. Harrison, R. B. Welch*, and *D. T. Gregg*, for plaintiff in error.

*Eugene Hagan*, and *A. F. Williams*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The claim is made that the referee made no sufficient findings upon the issues between the parties. This objection was made to the referee without either specifically pointing out the deficiencies or requesting more specific or additional findings. The same objection was brought to the notice of the district court. It was overruled in both instances. We think there was no error in this.

The main and only meritorious question raised in the case is whether the rendering of the account of

September 1, 1899, and its reception without subsequent objection by Henderson, constituted, as a matter of law, an account stated, and whether, as such, Henderson could in this action dispute the correctness thereof.   An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amounts due in respect to such transactions, and, when made, such account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of the prior account.   The doctrine is said to have been founded originally on the practice of merchants, but has been gradually expanded, principally to embrace actions between traders in mercantile matters, but is not excluded from operation in any matters wherein any kind of accounts are involved.   Of course, where the adjustment and agreement as to the amount due upon such account are expressed, no trouble arises.   In this case, however, while Harrison testified that Henderson received the account, and after examination made no objection thereto, Henderson denied that he made any such examination, so that, if its rendition and reception amount to making it an account stated, it must be by implication and not by express agreement.

It may well be doubted whether the answer sufficiently sets out and counts upon an account stated. It nowhere identifies or refers to an account of any amount as being the one so relied on as an account stated.   But granting that the allegations are sufficient to raise the issue, there is also beyond question the original account fully pleaded, fully set out, and relied on, for the defendant therein pleads that "the services so rendered were reasonably worth the items

and sums as therein stated and charged and that said amount is correct." The issue thus tendered was not upon the question of an account stated, but upon the reasonableness and correctness of the account for services rendered, and upon this issue a great amount of evidence was offered by both parties without complaint from either. Indeed, the defendant claimed on one item of service which had been charged in his account at $105, and which was included in his statement of September 1, 1899, at that figure, that there was due him thereon $1000, and he was allowed $150 by the referee. So, if there had been an account stated, the same was abandoned and disregarded by both parties upon the trial of the issues before the referee. We are quite clear, however, that the circumstances of this case are not sufficient to warrant the implication that there was an account stated.

The account was not rendered by Harrison upon his own motion. He was not seeking to have the same ascertained and adjusted. Large sums of money had come to his hands by virtue of his employment as an attorney and had been retained by him, if not without advice to his principal, at least without adequate accounting. Henderson made repeated demands upon him for the rendition of an account, and finally came to Topeka with the expressed determination to remain until an account was given to him. So that it is apparent that the rendition of this account by Harrison was not for the purpose of having his claim against Henderson ascertained, adjusted, and agreed upon, but was for the purpose of informing Henderson at his own request of the condition of this trust fund. It is well settled that the binding force of an account stated will not be given to the mere furnishing of an account, which was not given with a view to ascertaining the claim, establishing the balance due, or

Harrison v. Henderson.

finally adjusting the matters of account between the parties. (1 Cyc. 367.) In this case, instead of the circumstances' implying the meeting of the minds of the parties so as to create a liability as upon an account stated, it is quite obvious that no such purpose existed and no such result was attained.

Many cases are cited in the brief of plaintiff in error to the effect that the rendition of an account by the creditor to a debtor and its retention for an unreasonable length of time without objection will raise the implication of assent thereto by the debtor and create an account stated. We find no fault whatever with this general doctrine, but find no case where such rule has been applied where the facts are at all analogous with those of the case at bar. On the contrary, many cases might be cited disapproving it. But, in any event, the rendition of an account, with its retention by the debtor without objection, is but a circumstance, to be submitted with all other circumstances surrounding the transaction to the trier of fact to determine the ultimate question. In this case, upon consideration of all these circumstances, the referee decided adversely to the contention that there was an account stated between the parties, and this ruling was approved by the district court.

A claim of error is made in that the referee refused to permit an amendment by way of a supplement to the answer, so as to bring into the case an account accruing after this action was commenced. This request was made to the district court after the referee reported, and it was denied by the court. This was clearly a matter of discretion, and in the action of the court upon it we find no abuse.

We discern no error in the entire case, and hence affirm the judgment of the district court.

All the Justices concurring.