Travis v. Simpson.

---

No. 22,481.

D. W. TRAVIS, *Appellant,* v. L. E. SIMPSON, *Appellee.*

### SYLLABUS BY THE COURT

ACTION UPON WRITTEN ORDER—*Evidence—Demurrer Thereto Wrongfully Sustained.* The evidence examined, and *held* that it was error to sustain a demurrer to plaintiff's evidence. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531; *Meyers v. Woolsey,* 103 Kan. 362, 175 Pac. 162.)

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed February 7, 1920. Reversed.

*T. A. Noftzger, George W. Cox,* and *W. R. Glass,* all of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action was tried in the district court on an appeal from the city court of Wichita. The court sustained a demurrer to the evidence, and the plaintiff brings the case here for review.

The plaintiff's claim rests in part upon the following written order:

"($500.00)                                          SEPT. 29, 1916.

"*Mr. L. E. Simpson.*

"DEAR SIR: Please pay to J. P. Sheffler Five Hundred Dollars, my commission on the Caney Oil deal and this will be your receipt for the same.                                                    R. L. HANCOCK.

"For value received I hereby transfer and assign the above order and my claim to the money therein mentioned to D. W. Travis.

"J. P. SHEFFLER."

· The following is a brief summary of the facts shown by the evidence: In the fall of 1916 the defendant Simpson, J. P. Sheffler and R. L. Hancock, as agents, negotiated the sale of certain oil leases. It was the understanding at first that the commission would amount to $3,000 and that the share of each would be $1,000. Simpson, who had charge of the transaction, afterwards informed his associates that he had sold the leases, but had not been able to get the full price, and that he could only pay Sheffler and Hancock $500 each as their share of the commission. He stated that he would pay them as soon as the deal was closed, which would be in a week or ten days. They consented to this arrangement. Hancock told Simpson that he was arranging to leave Wichita and would give Sheffler an order on Simpson for his $500; Simpson told him that was satisfactory, and that he would pay the amount to Sheffler upon the latter bringing the order to him. Sheffler acted on behalf of Hancock in attempting to collect the latter's share from Simpson. Simpson paid Sheffler $125 on his own share and told him that he had been obliged to take notes for part of the payments and that the balance of the commission would be paid in installments. Sheffler testified that in some way he found out that Simpson had received his own share. Hancock purchased an automobile from Travis, and in payment therefor some arrangement was made by which Sheffler assigned and

transferred to Travis the order that Hancock had drawn upon Simpson. Thereafter, Sheffler, acting for Travis, continued his efforts to collect the money from Simpson. In a conversation about payment of the money, Simpson told him that Hancock owed him, and for that reason he would not pay the order.

The theory upon which the court sustained the demurrer is not disclosed, but the argument advanced by the defendant is that there was a failure to prove the following facts, which it is insisted it was incumbent on the plaintiff to establish: *First*, that the oil deal had been consummated; *second*, that the commission had been earned; *third*, that the same had been paid to Simpson; and *fourth*, that plaintiff was the owner of the assignment and entitled to recover. Upon the last proposition the evidence showed that the order was given in the first instance to authorize Sheffler to collect Hancock's share of the commission; that afterwards it was transferred to the plaintiff in part payment for an automobile, so that the plaintiff was entitled to recover if there was any evidence to sustain the other issues. The first two essentials as stated by the defendant are reducible to one—if the oil deal was in fact consummated, the commission was earned. It is insisted that the testimony of plaintiff and his witnesses showed that the commission in which Hancock was to participate was not due and had never been paid to Simpson. Hancock's testimony that Simpson told him that if he would give Sheffler an order for the $500 he would pay the money upon presentation of the order; Sheffler's testimony, in substance, that in some conversation with Simpson he found out that Simpson had received his own share of the commission; the various excuses given by Simpson for not paying his associates their shares, telling them at one time that he had been obliged to take notes for part of the money, at another time giving as a reason for not paying Hancock's share that Hancock owed him money, and other circumstances, tended to show that the money had been received by Simpson, and that he was withholding it. Moreover, proof that in Simpson's own testimony on the trial of the case in the city court he stated that he had received the commission, was of itself sufficient to overcome the demurrer. The defendant's brief contains no reference to these portions of the testi-

mony, but stresses the circumstances favorable to the defendant. It is true, none of the witnesses saw the money paid to the defendant, and some of them stated they did not know whether he had received it; but the most that could be urged is, that from portions of the evidence some inferences might be drawn favorable to the defendant. The demurrer, however, conceded every inference favorable to the plaintiff that might be drawn from the evidence. Even if some of the testimony tended to contradict plaintiff's claim, it was error to sustain the demurrer. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer.