No. 24,452.

CLARENCE L. LUNDSTROM, *Appellant*, v. LUDVIG NELSON, *Appellee.*

SYLLABUS BY THE COURT.

1. DAMAGES—*Alienation of Affections—Demurrer to Plaintiff's Evidence.* The rule applied that in considering a demurrer to plaintiff's evidence the court should take into consideration only those facts and those inferences of fact which are favorable to the plaintiff.

2. SAME—*Alienation of Affections—Proof of Certain Fact Not a Conclusive Defense.* In an action for damages for alienation of affections the fact that plaintiff's wife procured a divorce from him because of his extreme cruelty is not a conclusive determination that the acts and conduct of the defendant were not the cause of the alienation.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed October 6, 1923. Reversed.

*F. O. Johnson,* of McPherson, *W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellant.

*F. L. Martin,* of Hutchinson, *P. J. Galle,* and *James L. Galle,* both of McPherson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for alienation of affections. The court sustained a demurrer to plaintiff's evidence and rendered judgment for defendant. The plaintiff has appealed and contends that the evidence made a case sufficient to go to the jury. A demurrer to the evidence concedes every inference favorable to the plaintiff that might be drawn from the evidence. In ruling upon such a demurrer the court takes into consideration only those facts and inferences of fact favorable to plaintiff and cannot consider contradictions in the evidence, nor matters brought out in cross-examination which would tend to weaken the plaintiff's evidence or establish a defense. (*Can Co. v. Ross,* 72 Kan. 669, 83 Pac. 616; *Travis v. Simpson,* 106 Kan. 323, 187 Pac. 684; *Rosenfeld Co. v. Gleed,* 110 Kan. 75, 202 Pac. 611.)

It would serve no good purpose to set out a synopsis of the evidence. We have examined it carefully and considered all counsel have said concerning it. Tested by the authorities above cited it was sufficient to make a *prima facie* case in favor of the plaintiff. The demurrer should have been overruled.

In his answer defendant set up a decree of divorce which plaintiff's wife had procured from plaintiff. This shows that the divorce had been granted because of plaintiff's extreme cruelty to his wife. Appellee contends that this decree is a judicial determination that plaintiff had alienated his wife's affections by his own extreme cruelty, from which he reasons that her affections could not have been alienated by appellee. *Gleason v. Knapp,* 56 Mich. 291, is cited as supporting this view. Later Michigan cases, if they do not entirely destroy the argument in *Gleason v. Knapp,* greatly weaken it and leave it as controlling only as to the facts in that case, which are not the same as here. In *Knickerbocker v. Worthing,* 138 Mich. 224, it was said that a defendant in a divorce suit, who makes a *bona fide* defense, but fails to charge adultery, is not thereby debarred from maintaining an action against a third person for alienating his wife's affections, based on acts prior to the divorce suit. In *Philpott v. Kirkpatrick,* 171 Mich. 495, it was said:

"Where plaintiff, in an action for alienating the affections of his wife, had, before instituting suit, procured a divorce from his wife upon the ground of extreme cruelty, in which proceedings his testimony tended to show that other persons had interfered in his domestic affairs, and his wife had ceased to feel

any affection towards himself, although adultery was not charged, he was not estopped from maintaining his action on the theory that his present attitude and claims were inconsistent with the position assumed by him in the divorce case; nor was the decree *res judicata* of his right against defendant."

The authorities generally hold that a spouse, against whom a divorce has been granted, may maintain an action for alienation of affections occurring prior to the divorce, the decree of divorce not being *res judicata* with respect to plaintiff's cause of action and not operating as an estoppel by judgment.

In *Pollard v. Ward*, 289 Mo. 275, it was held that a decree of divorce does not bar an action for previous alienation of affections or criminal conversation or seduction, and it is immaterial that the fact might have been but was not set up as a defense to the defendant's action. In the notes on this question where the case is reported in 20 A. L. R. 936, 943, many authorities are collected and they are almost unanimous in support of the syllabus last quoted.

In *Nevins v. Nevins*, 68 Kan. 410, 75 Pac. 492, it was claimed that the plaintiff's own acts caused or contributed to the alienation of the affections. The court held:

"In such an action, if the acts done and influence used by the defendant were the controlling cause of the separation the plaintiff may recover from the defendant, although other causes may have contributed in some degree to the result." (Syl. ¶ 4.)

And in the opinion it was said:

"Complaint is made of the refusal of several instructions, stating that even though they found the defendant had committed acts tending to alienate the plaintiff's husband from her, yet she would not be entitled to recover if her own acts contributed to such alienation of affection. It was not a fit occasion and place for introducing the doctrine of contributory negligence. Of course, no recovery could be had unless the alienation and separation were caused by the acts done and influences exerted by the defendant. If his efforts were the controlling cause, however, and without which no separation would have been had, she might still recover, although other causes may have contributed in some degree to the result." (p. 414.)

The cause is reversed for a new trial.