Dettmer v. Fulls.

---

No. 26,898.

WILLIAM DETTMER et al., *Appellants*, v. JOSEPH FULLS, *Appellee*.

SYLLABUS BY THE COURT.

1. ACCOUNTS AND ACCOUNTING — *Account Stated* — *Nature and Essentials.* An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amounts due in respect to such transactions, and, when made, such account stated becomes a new agreement and takes the place of the obligation resting upon either party by reason of the prior account. (Following *Harrison v. Henderson*, 67 Kan. 202, 72 Pac. 878.)

2. SAME—*Account Stated—Sufficiency of Evidence as Against Demurrer.* In an action to recover on an account stated, the evidence considered and held sufficient as against a demurrer.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion filed December 11, 1926. Reversed.

*W. S. Kretsinger* and *Roland Boynton*, both of Emporia, for the appellants.
*W. C. Harris* and *O. S. Samuel*, both of Emporia, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one upon an account stated, and the question involved is whether the plaintiffs produced sufficient evidence to require submission of their case to the jury. A demurrer to the evidence was sustained and plaintiffs appeal.

Plaintiffs' petition alleged, in substance, that plaintiffs were deal-

Accounts and Accounting, 1 C. J. pp. 678 n. 71, 729 n. 4; 27 L. R. A. 811; 45 L. R. A. n. s. 535; 1 R. C. L. 208.

Dettmer v. Fulls.

ers in general merchandise, lumber, coal and building materials; that between the 13th day of October, 1919, and the 6th day of September, 1922, plaintiffs at the request of defendant sold and delivered to defendant various items of goods, wares and merchandise of the total value of $334.07, of which an itemized statement was attached, marked "Exhibit A" and made a part thereof; that on October 1, 1922, plaintiffs prepared and rendered to defendant a written statement of plaintiff's account against defendant for said goods, wares, and merchandise, so sold and delivered, which statement showed a balance due to plaintiff from defendant on said account in the sum of $334.07; that this statement of account, showing the balance due as aforesaid, was on October 1, 1922, presented and delivered to defendant; that defendant thereafter examined said account showing said balance, retained said account, stated that said account and said balance were correct, and that he would pay plaintiff the balance shown on said account soon thereafter.

The plaintiffs adduced testimony, among other things, showing that plaintiffs were partners engaged in the mercantile business; that on October 1, 1922, defendant was indebted to them in the sum of $334.07; that one of the plaintiffs had a conversation with the defendant in which he asked for an itemized statement of his account; that an itemized statement was mailed to him; that he retained it and made no objection thereto; that on October 1, plaintiff had a conversation with him in .the street opposite plaintiff's store about the account; that defendant had the statement of account and stated that it was correct; and that he would pay .it. There was other evidence that defendant claimed he did not get all the goods charged to him, and in effect that there was no agreement to pay.

Was the evidence sufficient to go to the jury, and was it sufficient to establish an account stated?

"An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amounts due in respect to such transactions, and, when made, such account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of the prior account." (*Harrison v. Henderson,* 67 Kan. 202, 205, 72 Pac. 878.)

An "account stated" is an acknowledgment of an existing condition of liability of the parties, from which the law implies a promise to pay the balance thus acknowledged to be due. (*The State v. Ill. Central R. R. Co.,* 246 Ill. 188, 241.) It is an agreement between persons who have had previous transactions, fixing the amount due

in respect thereto, and a promise to pay the balance. (*Borders v. Gay,* 6 Ga. App. 734; *Allen-West Commission Co. v. Hudgins,* 74 Ark. 468.) An "account stated" is an account in writing examined and accepted by both parties, which acceptance need not be expressed, but may be implied from the circumstances. (*Leinbach v. Wolle,* 211 Pa. 629, quoting Story's Equity Jurisprudence § 526.) The acceptance need not be in express terms. (*Powell v. Pacific Railroad,* 65 Mo. 658.) It may be inferred from retaining the account a sufficient time without making objection. (*Freeland v. Heron,* 7 Cranch [U. S.] 147, 3 L. Ed. 297; *Patillo v. Allen-West Commission Co.,* 131 Fed. 680.)

"An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." (1 C. J. 678.)

"The meeting of the minds of the parties upon the correctness of an account stated is usually the result of a statement of account by one party and an acquiescence therein by the other. The form of the acquiescence or assent is, however, immaterial, and may be implied from the conduct of the parties and the circumstances of the case." (1 C. J. 687.)

"The statement of the account need not be in writing, nor need the agreement, if oral, be based upon writings evidencing transactions between the parties; and it is no objection that a part thereof is in writing and a part oral. So if the account is stated in writing, it is not necessary that it be signed or acknowledged in writing." (1 C. J. 682.)

"An account may become stated also where the statement of dealings between two persons is made out by one of them and submitted to the other, who acquiesces in its correctness and the same result is brought about where the person to whom an account is rendered subsequently acknowledges receipt of it and promises to pay it." (1 C. J. 688.)

In the instant case there was evidence showing that on October 1, 1922, the defendant was indebted to plaintiff for $334; that plaintiff at defendant's request gave defendant a statement of the account; that defendant kept the statement, and did not object to the account or the balance shown by the statement; that plaintiff and defendant had a conversation in the street of Bushong at a time when defendant had this itemized statement; that defendant stated to plaintiff that the balance due on the account was correct and that he would pay it. The agreement was definite as to the amount due, the correctness of the account, and that payment would be made.

"The facts show all of the essential elements of a stated account—a meeting of the minds of the parties upon the correctness of the account, and when this is shown the law implies an agreement to pay." (*Dolman & Son v. Construction Co.,* 103 Kan. 635, 638, 176 Pac. 145. See, also, *Clark v. Mar-*

*bourg,* 33 Kan. 471, 6 Pac. 548, and note on "Account stated between principal and factor," 3 A. L. R. 293.)

It is true that there was conflicting evidence. The court should not have considered the conflict. If the favorable evidence, together with the logical inferences to be drawn therefrom, established an account stated the court should have overruled the demurrer and submitted the case to the jury.

It is error for a trial court to sustain a demurrer to the evidence because there is a conflict between plaintiff's testimony in chief and that given upon cross-examination. The court cannot weigh the evidence. If there is any evidence whatever to support plaintiff's case, it must be left to the jury to decide its weight and credibility. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531; *Rowen v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008. See, also, *Can Co. v. Ross,* 72 Kan. 669, 83 Pac. 616; *Travis v. Simpson,* 106 Kan. 323, 187 Pac. 684; *Rosenfeld Co. v. Gleed,* 110 Kan. 75, 202 Pac. 611.)

The judgment is reversed and the cause remanded with instructions to grant a new trial.