No. 43,127

Bonicamp, Koelling and Smith, a Partnership, *Appellees*, v. R. B. McNeely, *Appellant*.

(380 P. 2d 348)

Opinion filed April 6, 1963.

*Tom Harley*, of Wichita, argued the cause, and *Lester Wilkinson* and *George E. Grist*, of Wichita, were with him on the briefs for the appellant.

*Elliott Fry*, of Wichita, argued the cause, and *Henry E. Martz* and *Clyde Wendelken*, of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Plaintiffs (appellees) Bonicamp, Koelling and Smith, a partnership, engaged in the business of certified public accounting, brought this action to recover on an account for services rendered by them to defendant (appellant) R. B. McNeely.

The original petition filed July 12, 1960, sought to recover $2,802.50 due on an itemized account attached to the petition, to which petition the court sustained defendant's motion to make definite and certain and overruled defendant's motion to strike certain portions of the petition. In compliance with the order an amended petition was filed which, in pertinent part, alleged that prior to January, 1944, at the request of the defendant, plaintiffs performed services in accounting for defendant on an account upon which yearly and monthly services were performed by plaintiffs and upon which periodical payments were made by defendant, the last credit being an adjustment of $300 allowed to defendant on April 30, 1959, and the last service being performed by the plaintiffs on August 26, 1959, leaving a balance due of $2,802.50. An itemized statement was attached and made a part of the petition.

The petition further alleged that the charges made for the services were customary, reasonable and proper and that invoices were mailed to the defendant periodically; that on numerous occasions defendant made oral statements and promises concerning said account; that the statements and promises concerned the total balance then due; that in May, 1960, defendant requested, and received, an itemized statement of said account in its entirety and made no objection to such statement. Plaintiffs prayed for judgment for the amount due as aforesaid.

The defendant filed a motion to the petition to have the court determine the question of whether or not the petition disclosed on its face that the statute of limitations had run as to part of the account. This motion was overruled and the defendant filed his answer setting up as an affirmative defense the statute of limitations as a bar to a portion of the account.

Giving the petition as amended a liberal construction, it will be noted it is framed in such a manner that the plaintiffs could conduct their action on any one of two theories: one, on an open

running account, and the other, that it was an action on an account stated.

Trial was had to a jury, evidence was introduced, and the court instructed the jury on an account stated as follows:

"You are further instructed that if you find from the evidence that the parties hereto met on or about May of 1960 and agreed to an amount due the plaintiffs for accounting services rendered to the defendant and that there was a meeting of the minds as to the amount due, then in the absence of mistake or fraud, said transaction constitutes a new agreement between the parties, regardless of any past agreements or transactions they may have made, and the plaintiffs may recover, if you find that they are entitled to recover, for the amount of the new agreement, if you find one was so made, whatever that amount may be, not exceeding $2,802.50.

"In this connection, you are further instructed that the burden of proving mistake or fraud, if any, rests upon the defendant."

The defendant made no objection to this instruction, nor does he now contend it was erroneous.

The jury returned a verdict in favor of plaintiffs for the amount claimed. The defendant filed a motion for a new trial, which was overruled, and this appeal was then perfected.

Before considering the question raised by defendant, we are confronted with a motion to dismiss this appeal because defendant has failed to comply with the requirements of G. S. 1949, 60-3311, which pertain to filing a transcript of proceedings in the lower court. However, the want of a transcript and the consequent defective abstract of the evidence do not always require a dismissal; the want of these merely limits the scope of review. (*In re Estate of Fitzroy*, 172 Kan. 339, 240 P. 2d 163.)

Defendant admits the allegations of plaintiffs' petition as amended were supported by the evidence and states that the only question involved is purely a question of law as to whether or not the petition as amended shows upon its face that a portion of the account sued upon was barred by the statute of limitations, and contends his abstract setting forth the pleadings and his motions lodged thereto were sufficient to determine this question.

The plaintiffs filed a counter abstract with this court covering pertinent portions of the evidence introduced at the trial on the theory of account stated. The evidence disclosed that the parties on May 20, 1960, met and discussed the account; that on that day a demand note was prepared in the sum of $2,802.50, the balance due on the account, at which time defendant stated

he did not want to sign a demand note for the reason that should anything happen to him then plaintiffs could make demand on his wife for payment of the note; that subsequent thereto plaintiffs mailed to defendant an installment note for the amount; that defendant at no time raised any objection to the amount agreed upon, nor did he say anything to indicate that he objected to the balance of $2,802.50.

No useful purpose would be gained to narrate the evidence further. Suffice it to say that the case was tried upon the theory of an account stated without any objection on the part of the defendant to the court's instruction No. 7, as previously set out, and said instruction became the law of the case. (*Krehbiel v. Milford*, 171 Kan. 302, 306, 232 P. 2d 229; *Hudson, Administrator v. Tucker*, 188 Kan. 202, 212, 361 P. 2d 878; *Gano v. Hall*, 188 Kan. 491, 494, 363 P. 2d 551.)

In *Dettmer v. Fulls*, 122 Kan. 98, 99, 100, 251 Pac. 396, it was stated:

"An 'account stated' is an acknowledgment of an existing condition of liability of the parties, from which the law implies a promise to pay the balance thus acknowledged to be due. (*The State v. Ill. Central R. R. Co.*, 246 Ill. 188, 241.) It is an agreement between persons who have had previous transactions, fixing the amount due in respect thereto, and a promise to pay the balance. (*Borders v. Gay*, 6 Ga. App. 734; *Allen-West Commission Co. v. Hudgins*, 74 Ark. 468.) An 'account stated' is an account in writing examined and accepted by both parties, which acceptance need not be expressed, but may be implied from the circumstances. (*Leinbach v. Wolle*, 211 Pa. 629, quoting Story's Equity Jurisprudence § 526.) The acceptance need not be in express terms. (*Powell v. Pacific Railroad*, 65 Mo. 658.) It may be inferred from retaining the account a sufficient time without making objection. (*Freeland v. Heron*, 7 Cranch [U. S.] 147, 3 L. Ed. 297; *Patillo v. Allen-West Commission Co.*, 131 Fed. 680.)

" 'An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance.' (1 C. J. 678.)

" 'The meeting of the minds of the parties upon the correctness of an account stated is usually the result of a statement of account by one party and an acquiescence therein by the other. The form of the acquiescence or assent is, however, immaterial, and may be implied from the conduct of the parties and the circumstances of the case.' (1 C. J. 687.)

" 'The statement of the account need not be in writing, nor need the agreement, if oral, be based upon writings evidencing transactions between the parties; and it is no objection that a part thereof is in writing and a

part oral. So if the account is stated in writing, it is not necessary that it be signed or acknowledged in writing.' (1 C. J. 682.)

"'An account may become stated also where the statement of dealings between two persons is made out by one of them and submitted to the other, who acquiesces in its correctness and the same result is brought about where the person to whom an account is rendered subsequently acknowledges receipt of it and promises to pay it.' (1 C. J. 688.)"

In the instant case the petition as amended was sufficient to allege an account stated, and the case was tried and submitted to the jury on this theory. A review of the evidence, as shown by the plaintiffs' counter abstract, discloses that on May 20, 1960, the parties agreed upon the indebtedness due and the amount sued for by plaintiffs; that two different notes made out for said amount, although not signed, were kept by the defendant without objection as to the accuracy of the balance due. The facts show all the essential elements of a stated account—a meeting of the minds of the parties upon the correctness of the account, and when this is shown, the law implies an agreement to pay. (*Dolman & Son v. Construction Co.,* 103 Kan. 635, 176 Pac. 145; *Harris v. Drenning,* 101 Kan. 711, 168 Pac. 1106; *Harrison v. Henderson,* 67 Kan. 202, 72 Pac. 878.)

Based on the record here presented defendant has failed to make it affirmatively appear that error was committed, and the judgment of the trial court must be affirmed.

FATZER, J., not participating.