MANUEL FERNÁNDEZ MARTÍNEZ ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-63-57.          Decided January 14, 1964.

---

*Edrulfo Astacio* and *Harry B. Llenza* for Manuel Fernández Martínez. *F. Ponsa Feliú* and *Alvaro Calderón* for Antonio Mongil Portell. *J. A. Luiña* for Litheda Apartments, Inc. *A. J. Amadeo* and *A. J. Amadeo Murga* for interveners.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

On May 18, 1932 Manuel Fernández Martínez, a businessman, filed an action of debt against Juana Cruz and the heirs of Domingo Pérez Provecho composed of his widow, the aforesaid Juana Cruz, and her five legitimate children, Manuel de Jesús, Roque, Domingo, Juan and María Mercedes Pérez Cruz. In the complaint filed it was alleged that upon the death of the predecessor of defendants, he "owed plaintiff the sum of $140, which balance was accepted as correct by him and also by his heirs, defendants herein," and

it was further alleged that after the death of Pérez Provecho "and during the period of his illness, and for funeral expenses as well as for groceries and goods, his heirs charged to their account in plaintiff's grocery in Río Piedras the sum of $203.41, which sum is the balance accepted by defendants as agreeable and correct," and lastly it is alleged that "adding up both sums . . . defendant Juana Cruz and the other defendants owe to plaintiff the sum of $343.41, which sum is certain account stated, without the same having been paid to plaintiff, in whole or in part, at the time of filing this complaint." It was further alleged in the complaint "that defendant Juana Cruz is legally adjudged incompetent by reason of insanity, as per order of the District Court of San Juan, P.R., in case No. 6897, and that her tutor was her deceased husband, Domingo Pérez Provecho."

Plaintiff requested the appointment of a guardian *ad litem* for the incompetent defendants: the mother, by reason of having been adjudged insane by a court, and two of her children who were minors, one of whom was born on July 2, 1912 and the other on October 25, 1916. Reverón Mercado was designated and he accepted the office and was duly summoned.

The complaint was not answered by any of the defendants nor by the guardian *ad litem*. At the request of plaintiff's attorney, the clerk entered judgment on November 14, 1932 for the sum claimed—$343.41—plus legal interest thereon from the time the complaint was filed, costs, expenses and disbursements.

A writ of execution having been issued, certain real property belonging to defendants was attached. The real property was sold at public auction and awarded, "in the absence of other bidders, to plaintiff Manuel Fernández Martínez for the sum of three hundred forty-three dollars and forty-one

cents ($343.41), amount of the principal of his claim which was credited to the said plaintiff."

Subsequently, Manuel Fernández Martínez sold the property to Antonio Mongil Portell and to his wife Araceli Suárez, and the latter to Litheda Apartments, Inc.

An action was brought in 1947[1] by the heirs of the Pérez Cruz spouses against Manuel Fernández Martínez and the subsequent purchasers to redeem the property awarded in payment of the judgment obtained in the action of debt referred to above. The action is predicated on the fact that the judgment rendered in that suit is void, wherefore the award of the property in payment of the judgment rendered is null and void. The parties agreed that the trial judge should decide first the question on the nullity of the judgment. He did so and concluded that is was. He stated three reasons: (1) because the widow, two of her minor children, and one who was outside of Puerto Rico were not duly summoned; (2) because the guardian *ad litem* failed to appear; and (3) because the clerk was without authority to enter the judgment.

I. The widow and the two minor children were duly summoned. Both children were over 14 years of age. What the statute in force at that time required, § 93 of the Code of Civil Procedure, 32 L.P.R.A. § 457,[2] was that a copy of

---

[1] The original complaint was filed on April 23, 1947. The suit has been before this Court on two occasions, *Pérez v. Fernández*, 72 P.R.R. 247 (1951), and civil appeal No. 11,571, judgment of November 15, 1956.

[2] The section *supra* provided:

"The summons must be served by delivering a copy thereof, as follows:

"          .     .     .     .     .     .     .     .

"4. If against a person residing within said Commonwealth, who has been judicially declared to be of unsound mind, or incapable of conducting his own affairs, and for whom a guardian has been appointed, to such person and also to his guardian.

"          .     .     .     .     .     .     .     .

"6. In all other cases to the defendant personally."

the complaint and of the summons be delivered to each one of them. The return certifies that that was done. The marshal certified that:

". . . I served the same personally on May 31, 1932 on Juana Cruz, Domingo, Juan Pérez Cruz and María Mercedes Pérez Cruz, defendants in the said summons, leaving in their possession personally in the ward of Cupey of Río Piedras, P.R., a copy of the said summons, a faithful and exact copy of the complaint in the action referred to in the said summons, and a copy of this summons."

The return which we deemed to be good in *Guadalupe* v. *Rodríguez*, 70 P.R.R. 929, 930 (1950), stated the following:

". . . I notified it personally to Alejandrina Guadalupe Ortiz, Román, Pedro, Emiliano, Gregorio, Rosendo, Juana, Nepomuceno, Wenceslao, and Enrique Guadalupe, that is, the defendant mentioned in said summons, having, I mean, delivering to said defendants and leaving with them personally at their dwelling, Palma Ward, Vieques, a copy of said summons and with the defendant a copy of the complaint mentioned in said summons, . . ."

Any difference which may exist between the summons which we consider in this case and that considered in *Guadalupe* is that the summons in the instant case is more explicit. It reads "delivering to the said defendants and leaving in their possession personally . . . a copy of the said summons, a faithful and exact copy of the complaint . . . ." It appears that a copy of both documents was delivered to each defendant as required by law.

II. Since two of the defendants were minors and their mother had been judged incompetent, at the request of plaintiff a guardian *ad litem* was designated for them. The person designated was duly summoned, but he did not appear of record to defend the interests of the incompetent widow and of the minor children.

It is a well-settled rule that a guardian *ad litem* cannot acquiesce in a complaint filed against the persons whom he represents. He is required to answer and that the court be the one to determine whether or not there is merit in the claim.

■■■ We know that a guardian *ad litem* is a special tutor, if you wish, designated to represent an incompetent person or a minor in a particular suit. Thus, the provisions of subd. 13 of § 212 of the Civil Code, 1930 ed.—31 L.P.R.A. § 786—requiring authorization of the proper part of the Superior Court "to bring suit in the name of those under tutorship and to maintain all lawful appeals when they lie from judgment rendered against them," are wholly applicable. Although the provision copied reads to bring suit, the commentators of the Code maintain that authorization to acquiesce is necessary. II De Diego, *Institución de Derecho Civil Español* 634 (1943 ed.); V Scaevola, *Código Civil* 177 (1943 ed.); I–IV Machado, *Comentarios al Código Civil* 159 (1950 ed.). On this question, Manresa is of the opinion, *Comentarios al Código Civil Español*, vol. II, p. 442 (1944 ed.), that ". . . although the Code may have dispensed with that limitation, since in answering or acquiescing in a complaint serious prejudice may be caused and the interests of the minor or incompetent person may be jeopardized, the tutor, in order to save his responsibility, shall inform the council [in our jurisdiction the proper part of the Superior Court], in order to enable the latter to decide whether he should object or acquiesce in the complaint, and he shall never acquiesce without such authorization because this may imply the waiver of rights which he may not validly make by himself."

The legal basis for such interpretation, they maintain, is found in the provisions of § 275 of the Spanish Civil Code, counterpart of § 215 of our Code, whereby tutors are prohibited from ". . . renouncing things or rights belonging to

the minor or incapacitated person." *Cf. Vilariño Martínez* v. *Registrar, ante,* p. 586, and *Irizarry Cordero* v. *Registrar, ante,* p. 731.

The American courts have assumed a similar position. It is the duty of the guardian *ad litem* to answer the complaint in order to enable the court to pass on the propriety of the claim. As stated in *M.F.A. Mutual Insurance Company* v. *Alexander,* 361 S.W.2d 171, 181 (Mo. 1962) : "The duty of the guardian *ad litem* . . . is to defend the suit and he cannot admit anything or waive anything which goes to sustain the adverse party's claim." To the same effect, *Kingsbury* v. *Buckner,* 134 U.S. 650, 680 (1890) ; *Cloud* v. *Market St. Ry. Co.,* 168 P.2d 191 (Cal. 1946) ; *Lalakea* v. *Laupahoehoes Co.,* 35 Haw. 262, 284 (1939) ; *Anderson* v. *Anderson,* 32 A.2d 83 (N.J. 1943) ; *Caruso* v. *Caruso,* 139 Atl. 812 (N.J. 1927) ; *Franklin* v. *Margay Oil Corporation,* 153 P.2d 486 (Okla. 1944).

■ Rule 45.2[3] of the Rules of Civil Procedure of 1958

---

[3] Rule 45.2 provides:

"Judgment by default may be entered as follows:

"(a) By the clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk, upon the request of the plaintiff and upon affidavit of the amount due, shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

"(b) By the court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by the father, mother, guardian, guardian ad litem, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, such party shall be served with notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages, or to establish the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper or refer the matter to a master."

requires the appearance of the guardian *ad litem*. In construing the corresponding federal rule, Moore asserts:

"Only the court can enter a judgment by default against an infant or incompetent person, and then only when the infant or incompetent person is represented in the action by a *general* guardian, committee, conservator, or other such representative *who has appeared therein*. If the infant or incompetent defendant is not represented by a general fiduciary who has appeared in the action, the court should appoint a guardian ad litem who should plead such a denial as to put the plaintiff to the proof of his case." 6 Moore, Federal Practice 1817, § 55.05 [4].

Thus, under the procedure prevailing at present, as expressly required by the Rules, the court could not render judgment without the appearance of the representative of the minor or incompetent person.

■ Under the former practice, the fact that the guardian *ad litem* does not appear to answer the complaint does not render the judgment void but merely voidable. In *Tyrell* v. *Saurí*, 71 P.R.R. 429, 439 (1950), we adopted the rule prevailing in state jurisdictions to the effect that a judgment rendered in a case in which no guardian *ad litem* has been appointed for the minor or incompetent person is not void, but voidable. To the same effect, *Rom* v. *Gephart*, 173 N.E.2d 828 (Ill. 1961).

III. Although by that circumstance it is merely voidable, nonetheless it is void because it was entered by the clerk. Let us examine this aspect of the litigation.

Section 194 of the Code of Civil Procedure, 32 L.P.R.A. § 921, in force in 1932, authorizes the clerk of the court where the action was pending to enter judgment if defendant did not answer within the period fixed therefor in an action arising "upon contract for the recovery of money." Could the clerk of the Municipal Court of Río Piedras enter judgment in an action brought against the heirs of Pérez Provecho? From the complaint filed it appears that the

widow had been adjudged incompetent by judgment of a proper court, that her husband had been appointed as her tutor, that he was dead and that two of defendant children were minors.

■ This Court has held that the clerk cannot enter judgment in an action to collect an open account, *Rivera* v. *District Court*, 44 P.R.R. 796 (1933), and *De León* v. *Pérez et al.*, 54 P.R.R. 202 (1939).

In *Justicia* v. *Superior Court; Clínica Antillas, Int.*, 76 P.R.R. 583 (1954),[4] we analyzed and summed up our case law relative to cases in which a clerk may enter judgment when claim is made for the balance of a current account, and we concluded that he could enter the same on showing that the sum claimed was a "sum certain."

The reason for that holding is based on the fact that a contract on payment of money arises when the account is liquidated and accepted by the debtor. This was our holding in *Cochran* v. *Fernández*, 47 P.R.R. 666, 673 (1934), where we said:

"The judgment by default was entered only upon the basis of the second cause of action, that is, the one founded upon a liquidated current account, rendered to and accepted by the defendant. That being so, this is clearly an action arising upon a contract for the recovery of money, and is therefore covered by Subdivision 1 of Section 194 of the Code of Civil Procedure. We are not concerned here with the case of an unliquidated account but, we repeat, with one liquidated and accepted. *Rivera* v. *District Court*, 44 P.R.R. 796."

See, also, *Bonicamp, Koelling and Smith* v. *McNeely*, 380 P.2d 348 (Kan. 1963); *Sunshine Dairy* v. *Jolly Joan*, 380

---

[4] Although the case of *Justicia* arose after the Rules of Civil Procedure of 1943 were already in force, we construed Rule 55 in the same manner as § 194 of the Code of Civil Procedure. Under Rule 55 of the Rules of 1943 and Rule 45.2 of 1958, the clerk is without authority to enter judgment in an action against an infant or incompetent person.

P.2d 637 (Ore. 1963); Sure-Grip Skate Wheel Co., Inc. v. Bergin, 25 Cal. Rptr. 413 (1962).

■ How can it be maintained that the sum claimed from the heirs of Pérez Provecho is one accruing from a contract on payment of money, since in the complaint filed it is alleged that the mother was adjudged incompetent prior to the death of her husband and that two of the children are minors and that no tutor had been appointed to represent them? How could they give any valid consent for the new contract to arise? The complaint filed was simply for collection of an open account and we have already seen that the clerk may not enter judgment in these cases. Rivera v. District Court, supra.

The clerk being without authority to enter judgment, he acted without jurisdiction in entering the same. We have held that judgments so entered are void. De León v. Pérez et al., supra; Rivera v. District Court, supra; Congress Cigar Co., Inc. v. Grau, 44 P.R.R. 626 (1933).

The order appealed from, which determined that the judgment entered in case No. 2852 of the Municipal Court of Río Piedras is void, is sustained on the third ground adduced by respondent judge.[5]

The writ issued will be quashed and the case remanded to the trial court with instructions to proceed to consider, as promptly as the circumstances will permit, the other questions raised.

---

[5] The judgment in case No. 2852 is also void as to a child of full age who was absent from Puerto Rico at the time the complaint was filed because he was not duly summoned. This is admitted by defendant, appellant herein.