No. 43,580

Quincy Lumber Company, Inc., *Appellant*, v. Vincent Saia, *Appellee.*

(391 P. 2d 144)

Opinion filed April 11, 1964.

*Simeon Webb,* of Pittsburg, argued the cause and was on the brief for the appellant.

*D. G. Smith,* of Girard, was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The plaintiff, Quincy Lumber Company, Inc., has appealed from an order striking its amended bill of particulars from

the files and sustaining, in part, a demurrer to its original bill of particulars.

The pertinent facts are as follows. On November 1, 1961, plaintiff filed in the City Court of Pittsburg its original bill of particulars, which reads:

"Plaintiff states that defendant is indebted to the plaintiff for goods sold and delivered to the defendant, at defendant's request, of the value and for the price of $1,082.04, the items of which, as well as the dates of when the various articles were sold and the prices charged therefor, respectively, appear on the bill of items hereto annexed, marked Exhibit 'A' and made a part hereof.

"A credit memoranda was given the defendant on March 30, 1956, in the sum of $500.00 and there remains due and owing on said account the sum of $582.04, with interest thereon on and after November 19, 1958, in the sum of $111.63 and that there now remains due and owing $693.67.

"Plaintiff says that the prices charged are and were at the time when said goods were sold and delivered, reasonable and proper, and the defendant agreed and promised to pay the same, but though demand has been made he has failed and refused, and still fails and refuses, to pay the same, or any part thereof.

"Wherefore, plaintiff asks judgment against the defendant for the said sum of $693.67, with interest from and after the 1st day of November, 1961, and for all costs herein."

The dates shown on Exhibit "A" extend from 11-17-55 to 11-19-58, inclusive, with only the last date being within the statute of limitations.

From the City Court of Pittsburg, the case was appealed to the Crawford County District Court where, on December 27, 1962, an amended bill of particulars was filed alleging in substance, so far as now material, the sale to the defendant, at his request, of the items of merchandise, with their prices and dates of sale, listed on Exhibit "A". This pleading further alleged a $500.00 credit to defendant on March 30, 1956; that $582.04 remains due, with interest after November 19, 1958, making a total of $693.67 due, with interest, for which amount judgment is prayed.

The amended bill of particulars also alleges in substance that on January 1, 1959, a written statement of the account for goods sold to the defendant, and showing the balance due thereon, was presented and delivered to the defendant who, thereafter, examined it and stated that both the account and balance were correct and that he would pay the balance.

The defendant filed a motion to strike the amended bill of particulars for the reason that it alleged a new, separate and distinct

cause of action from that contained in the original bill of particulars, and also demurred to the original bill of particulars on two grounds; first, that it failed to state facts sufficient to constitute a cause of action, and second, that it showed on its face that all items of indebtedness, except those of 11-19-58, were barred by the statute of limitations.

The trial court struck the amended bill of particulars from the files and sustained the demurrer to the original bill of particulars as to all items but those of 11-19-58. From these rulings, the plaintiff has appealed.

The decisive question involved in this appeal, as urged by counsel for appellant, is whether the original bill of particulars alleges a cause of action on an account stated.

An account stated has been defined by this court on a number of occasions. In *Clark v. Marbourg*, 33 Kan. 471, 6 Pac. 548, it was said: "An account stated is an account which has been examined and accepted by the parties." (p. 475)

On a later occasion, in the case of *Harrison v. Henderson*, 67 Kan. 202, 72 Pac. 878, the court defined the term in this fashion:

"An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determing the amounts due in respect to such transactions, and, when made, such account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of the prior account." (p. 205)

The latest expression by this court on the subject is *Bonicamp v. McNeely*, 191 Kan. 225, 380 P. 2d 348, where, in commenting on the evidence, the court said:

". . . The facts show all the essential elements of a stated account—a meeting of the minds of the parties upon the correctness of the account, and when this is shown, the law implies an agreement to pay. . . ." (p. 229)

See, also, *Dolman & Son v. Construction Co.*, 103 Kan. 635, 176 Pac. 145; *Dettmer v. Fulls*, 122 Kan. 98, 251 Pac. 396.

Measured by the pronouncements of this court, does the original bill of particulars assert a cause of action for an account stated? In testing its sufficiency, we recognize the rule that its allegations shall be liberally construed and given the benefit of all reasonable inferences. (*Dalton v. Hill*, 169 Kan. 388, 219 P. 2d 710; *Cotter v. Freeto*, 166 Kan. 23, 199 P. 2d 484.) Even so, we believe the language of the original bill of particulars falls far short of averring an account stated. In *Foste v. Insurance Company*, 26 Ore. 449, 38

Pac. 617, quoted with approval in *Doyle v. Doyle,* 184 Okla. 572, 89 P. 2d 305, the court said:

"The material allegations in an action on an account stated, are: (1) That plaintiff and defendant came to an accounting together; (2) that on such accounting defendant was found indebted to the plaintiff in a specified sum, (3) which defendant promised to pay (4) and has not paid."

From the cited authorities, it must be evident that basic to an account stated is the striking of a balance due from one party to another arising from prior transactions, and agreement as to its accuracy. When such has occurred, and not before, the law will imply an agreement on the debtor's part to pay such balance. A new cause of action thus comes into existence, separate and distinct from that which previously existed. We believe the original bill of particulars fails to allege elements indispensable to an account stated.

We cannot agree with the appellant's contention that an account stated is to be inferred from the following averment:

"Plaintiff says that the prices charged are and were at the time when said goods were sold and delivered, reasonable and proper, *and the defendant agreed and promised to pay the same,* . . ." (Emphasis supplied.)

The phrase "and the defendant agreed and promised to pay the same" clearly relates back, and refers, to "the prices charged" which the plaintiff had alleged were reasonable and proper when the goods were sold. Grammatically, we think no other construction is permissible. It may also be observed that the quoted language is that which is customarily used in alleging a cause of action on an open account, and is commonly so understood and accepted in legal parlance.

In our opinion the original bill of particulars does not allege a cause of action on an account stated. It is our further opinion that the amended bill of particulars does allege such a cause of action. It, therefore, logically follows that the second pleading does effect a material change in appellant's claim and substitutes a new and different cause of action for the one he originally had pleaded. This constitutes a departure. (*Taylor v. Hostetler,* 186 Kan. 788, 352 P. 2d 1042.)

Where and amended petition or bill of particulars goes beyond the mere amplification or enlargement of an imperfectly pleaded cause of action and sets out an entirely new, different and distinct cause of action, the amendment does not relate back to the date on

which the original pleading was filed, but the statute of limitations continues to run to the date of the amendment. (*Springer v. Roberts*, 151 Kan. 971, 101 P. 2d 908.)

The appellant's amended bill of particulars, filed December 27, 1962, which alleged a new cause of action on an account stated of January 1, 1959, was properly stricken. Likewise, the trial court was correct in sustaining the demurrer to the original bill of particulars, filed November 1, 1961, except as to the items purchased November 19, 1958.

The judgment is affirmed.